REGAN, Administrator, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

*March 9 — March 24, 1881.*

PLEADING.   *Complaint for injuries causing death.*

A complaint by an administrator, who is also a child of the intestate, for injuries to his intestate causing his death, which alleges that, by means of such wrong, the plaintiff has sustained damages in a certain sum, but states no facts to show pecuniary loss, present or prospective, resulting from the death, to the widow or relatives of the deceased, does not state a cause of action under the statute.

APPEAL from the Circuit Court for *Waukesha* County.

Plaintiff appealed from an order sustaining a demurrer to the complaint.   The case is stated in the opinion.

For the appellant there was a brief by *J. V. V. Platto* and *P. H. Carney*, and oral argument by *Mr. Platto*.

*Melbert B. Cary*, for the respondent.

COLE, C. J.   This is an action under sections 12 and 13, ch. 135, Tay. Stats., for the wrongful and negligent killing of the plaintiff's intestate by the servants of the defendant corporation.   On demurrer, the complaint was held bad as not stating a cause of action.   The specific objection taken and relied on in this court is, that no facts are set forth in the complaint which show that the beneficiaries designated in the statute have sustained any pecuniary injury by the death of the intestate.   It is insisted by the ingenious counsel for the defendant, that in actions of this nature it is essential to both allege and prove, not only that there are persons entitled by law to claim the indemnity given, but also that such persons have sustained an actual pecuniary loss justifying their claim, otherwise no recovery can be had.   The complaint alleges that the deceased left him surviving his wife, Mary Regan, now his widow, and several children, among the number this plaintiff;

" and that, by means of the wrong and injury aforesaid, he has sustained damages in the sum of $5,000." This is all there is stated in the complaint to show what pecuniary loss was sustained by any one.

Now we are inclined to hold the objection to the complaint good for the reason stated. Under the statute the personal representative is clearly the proper party to bring the action. *Whiton v. The C. & N. W. R'y Co.*, 21 Wis., 306; *Woodward v. Same*, 23 Wis., 400. But, while this is so, the recovery is not for his benefit nor for the benefit of the estate; but it is for the benefit of the relatives of the deceased, mentioned in the statute, who are presumed to have, or do have, "a pecuniary interest in the life of the person killed, and the value of this interest is the amount for which the jury are to give their verdict." COMSTOCK, J., in *Quin v. Moore*, 15 N. Y., 432, 435. The statute evidently goes upon the theory that these relatives may sustain a direct pecuniary loss in being deprived of a life to them of some value, and consequently the wrongdoer is made responsible in damages. Compensation to them is made, and facts should be stated showing that they have sustained some pecuniary loss or damage by the wrongful act. The learned counsel for the plaintiff insists that when it appears that a father and husband has been killed, as it does here, the presumption in law is that his family has sustained a pecuniary injury by his death, and that this implication arises from the allegations of the complaint. But surely it would not be correct in all cases to make such a presumption; for we well know that sometimes, in consequence of age, indolent or dissolute habits, or infirmities of body or mind, the deceased not only has failed to contribute anything while living to the support of his family, but has been an actual expense and burden to them. It is well settled that, under this statute, it is only for a pecuniary loss that the action is maintainable, and not for loss of society, or damages in the way of *solatium*. *Potter v. C. & N. W. R'y Co.*, 21

Wis., 373; *Blake v. Midland Railway Co.*, 10 Eng. L. & Eq., 437; *Duckworth v. Johnson*, 4 Hurl. & N., 653. And it seems to us that correct pleading requires that facts should be stated in the complaint showing that the beneficiaries have sustained some pecuniary loss or damage by the death, and that this should not all be left to inference from the fact of killing. It is only material, issuable facts which need be stated, and generally it might be sufficient to show the age and occupation of the deceased, and his ability to contribute to the support of his family.

Mr. Justice DUER, in *Safford v. Drew*, 3 Duer, 627, 633, states the rule which should be observed, in the following language: "It follows that in actions under the statute the damages that may be recovered are limited to a mere indemnity; and in all cases where the damages are thus limited, I apprehend the facts that there are persons entitled by law to claim the indemnity, and that they have sustained a loss justifying their claim, must be proved upon the trial in order to warrant a recovery; and that, when these facts are not proved, the foundation of the action fails, and the complaint must be dismissed. These facts are in their nature material and issuable, and in actions like the present are therefore, in my judgment, just as necessary to be proved upon the trial, and, consequently, to be averred in the complaint, as the death of the person injured, and the wrongful act or neglect of the defendant as the primary cause." See also *Woodward v. C. & N. W R'y Co., supra.*

In *Kelley v. C., M. & St. P. R'y Co.*, 50 Wis., 381, this court held that a complaint which showed that the deceased was a laboring man, and left no widow, but left a child only three years old as his only lineal descendant, sufficiently showed that such child had suffered pecuniary damages by the death of the father, and was not subject to demurrer on that ground. In the opinion Mr. Justice TAYLOR says, in effect, that as the law imposes upon the father, having the ability

to do so, the duty of supporting and educating his minor child, when it appears that the father was engaged in earning money, presumably he had means of providing, to some extent, for such support and maintenance. But the complaint here is barren of all facts which show that the widow and children suffered any pecuniary loss from the death of the husband and father. And it seems to us that some facts should be averred which show that they have sustained a loss by such death. It would certainly be necessary to prove some such facts in order that the jury might estimate the damages. For surely the jury would not be warranted, without evidence as to the habits, occupation, age or ability of the deceased to contribute to their support, to "guess" at the amount of damages. *Potter v. C. & N. W. R'y Co., supra.* Some foundation would have to be laid in the testimony for assessing the damages. It is true, there are cases which intimate, or hold, that merely nominal damages are recoverable. *Chapman v. Rothwell*, Ellis, B. & E., 168; *Oldfield v. N. Y. & Harlem Railroad Co.*, 14 N. Y., 310; *Quin v. Moore, supra.* But we think the better rule is stated in *Duckworth v. Johnson*, in the language of the chief baron: "If there was no damage, the action is not maintainable. It appears to me that it was intended by the act to give compensation for damages sustained, and not to enable persons to sue in respect of some imaginary damage, and so punish those who are guilty of negligence by making them pay costs."

It is clear that damages must be shown — certainly on the trial,— for the language of the statute is: "The jury may give such damages, not exceeding $5,000, as they shall deem fair and just, in reference to the pecuniary injury resulting from such death to the relatives of the deceased specified in this section." Section 13. "But in estimating actual damages some departure from the standards applied in other cases is essential, as otherwise, in some cases, no recovery could be

George, Adm'r, vs. The Chicago, Milwaukee & St. Paul R'y Co.

had at all, though the statute plainly gives the action. If a parent sues for the killing of a minor child who is yet too young to render services, it is manifest that for the time being there could be no pecuniary loss whatever; and whether the child, if living, would ever become serviceable, must be matter for speculation only." Cooley on Torts, 272. But the claim for damages "must be founded on pecuniary loss, actual or expected, and should be calculated in reference to a reasonable expectation of pecuniary benefit, as of right or otherwise, from the continuance of the life." *Potter v. Railway Co.* Therefore, we think, some facts should be stated showing that a pecuniary injury or loss, either present or prospective, has resulted to the relatives. And as the complaint fails to state any such facts, we think it was fatally defective, for that reason.

*By the Court.*— The order of the circuit court sustaining the demurrer is affirmed.