Henderson's Adm'r v. Ky. Cent. R. R. Co.

| 86 | 389 |
| 89 | 42 |
| 89 | 232 |
| 86 | 389 |
| 91 | 46 |
| 86 | 389 |
| 92 | 224 |
| 86 | 389 |
| 95 | 237 |
| 86 | 389 |
| 96 | 212 |
| 86 | 389 |
| 98 | 201 |
| 86 | 389 |
| f101 | 40, |
| 86 | 389 |
| 110 | 636 |
| 86 | 389 |
| 135 | 740 |

CASE 55—PETITION ORDINARY—December 6.

# Henderson's Adm'r v. Ky. Cent. R. R. Co.

### APPEAL FROM KENTON CIRCUIT COURT.

ACTION UNDER STATUTE FOR WILLFUL NEGLECT—WHO MAY SUE.—The widow and child, or children, of one who has been killed by the willful neglect of another, have the prior right to sue for, and the exclusive right to what may be recovered in an action authorized by section 3, of chapter 57, General Statutes, for, though the right to sue is given to the personal representative, he can exercise that right only for the use and benefit of the widow and child, if there be any, the word heir, as used in the statute, being intended to mean child, and not to apply to any other description of person.

The personal representative, at the widow's request, instituted this action under this statute. Subsequently the widow instituted another action against the same defendant upon the same cause of action. The defendant chose to defend the action instituted by the widow, and pleaded the pendency of that action in bar of the recovery in this. *Held*—That the widow, being the sole beneficiary, had the right to institute the second action, and the defendant had the right to defend either of the actions and plead the pendency of either one of them in bar of recovery in the other; though if there had been children of the deceased entitled jointly with the widow to what might be recovered she could not have defeated this action, instituted at her request, nor prejudiced their rights by subsequently commencing another in her own name.

What proportion of the amount recovered the widow and children may be respectively entitled to, whether the right belongs to adult as well as minor children, and whether the personal representative may maintain such an action in case there be neither widow nor child of the person whose life has been destroyed, are questions not involved in this case and not decided.

CLEARY & HAMILTON FOR APPELLANT.

The institution of an action by a personal representative, under section 3, chapter 57, General Statutes, precludes any action by the widow or heir for the same cause.

GEO. C. LOCKHART AND HALLAM & MYERS FOR APPELLEE.

No brief in record.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an action brought under section 3, chapter 57, General Statutes, by the personal representative, to recover damages for the destruction of the life of Charles L. Henderson, by the alleged willful neglect of the defendant or its agents, which section is as follows :

"If the life of any person is lost or destroyed by the neglect of another person, * company, * corporation * their agents or servants, then the widow, heir or personal representative of the deceased shall have the right to sue such person, * company, * corporation, * and recover punitive damages for the loss or destruction of the life aforesaid."

Of the various issues of law presented, it is only necessary to consider that made by the second paragraph of the second amended answer and reply thereto, to which a general demurrer was sustained.

It is in that paragraph stated, in substance, that after this action was commenced and the original answer was filed, Louisa Henderson, widow of the deceased, instituted her action, then pending in the same court, against the defendant, in which she seeks to recover judgment for damages alleged to have resulted from the death of the deceased through the willful neglect of the defendant, under the identical

circumstances stated by the plaintiff in this action; and the pendency of that action is pleaded in bar of the further prosecution of this.

For reply, the plaintiff stated he was, after the written declination of Louisa Henderson to act, and upon her motion, duly appointed administrator of the estate of the deceased, for the purpose of instituting and maintaining this action for her benefit. He also denied her right to then prevent the prosecution of this action.

As upon the failure of the plaintiff, after the demurrer was sustained, to further reply, the action was dismissed, the question before us is, whether the facts stated in that paragraph of the answer are sufficient to constitute a defense to the action, and if so, whether those stated in the reply constitute an avoidance of such defense.

In construing the section quoted, several questions bearing on this case arise which it is necessary to determine.

According to the plain language used, either the widow, heir or personal representative may sue; but it is equally clear that each of them can not maintain a separate action for the same cause; for, as held in the case of Louisville and Nashville Railroad Company v. William Sanders, decided at the present term (ante, p. 259), but one recovery can be had. If, then, there can be but one action maintained, and but one recovery had under the statute for the destruction of the life of the same person, the inquiry arises—

1. Whether there exists any priority of right to sue between those named in the section.

2. Whether, when the personal representative sues,

392          · KENTUCKY REPORTS.          [Vol. 86.

Henderson's Adm'r v. Ky. Cent. R. R. Co.

or in any case, the amount recovered, or any part of it, goes into his hands as part of the assets of the decedent's estate.

3. Whether the word heir is to be interpreted to mean child, or given its usual and more extensive signification.

While looking alone to the language of the section, we would not be authorized to say any one of those named is entitled to precedence, it is not to be supposed the Legislature intended the first right to sue, much less the property right to what may be recovered, should become a mere question of vigilance.

When the person whose life is destroyed leaves no will, the widow may, before any other, become the administrator; for in making such an appointment the county court is required by section 3, article 2, chapter 39, General Statutes, to give to her the preference. But notwithstanding such appointment, she may still sue under the section we are considering in her own right as widow, and not as the personal representative of her deceased husband. It being thus in her power in virtue of a statute already existing to take precedence of the personal representative, at least when the husband dies intestate, it is a reasonable inference, because necessary to make the statute consistent, that the Legislature intended she should have it in every case arising under that section. And if that be so, it seems to follow that no part of what she may recover in such case is to become assets of the estate of the decedent. For if that had been intended the personal representative, who is the safest custodian of what belongs to the estate, because required to give bond for

the faithful discharge of his duties, would have been alone invested with the right to sue for and distribute the amount recovered, instead of sharing that right with the widow and heir, neither of whom is required to give any security for the due application of it.

By section 6, chapter 1, General Statutes, it is provided "the widow and minor child or children, or either, * of a person killed by the careless, wanton or malicious use of fire-arms, * * * not in self-defense, may have an action against the person * who committed the killing * for reparation of the injury; and in such action the jury may give vindictive damages." And by section 1, chapter 32, the widow or minor child of a person killed in a duel, may have an action against the surviving principal, the seconds, and all others aiding or promoting the duel, " for reparation of the injury," and the jury may give vindictive damages.

The word "reparation" was evidently used in the two sections as the equivalent of compensatory damages, which are "those allowed as a recompense for the injury actually received." But the language of section 3, chapter 57, literally interpreted, restricts the recovery in an action thereby authorized to punitive or vindictive damages, about giving which, however, the jury have no discretion. Nevertheless, in the case of the Louisville and Nashville Railroad Company v. Brooks' Administrator, 83 Ky., 129, it was held by this court that it was evidently intended there should be the same criterion of recovery in an action instituted under that section, as that in terms prescribed in the other two sections referred to, otherwise the purpose of

making the General Statutes a harmonious system of laws would to that extent be defeated, and, consequently, the plaintiff upon making out his case was entitled to compensatory, and, in the discretion of the jury, punitive damages.

The two sections mentioned give to the widow and infant child or children, and to no others, the right to sue and recover for the causes therein respectively stated. The reason for that discrimination is apparent. No others sustain as near relation to, are so dependent upon, or have the same legal right to look for a support to a person, as his wife and children, especially those of the latter who may be minors. Therefore, the injury resulting from his death at the hands of another to them is actual and direct, while to his collateral heirs it is remote and not immediate, and as to creditors it may not exist at all.

We are unable to perceive any reason for giving to the widow and minor child the exclusive right to sue for and recover damages for the loss of the life of a person in a duel, or by the careless or malicious use of fire-arms, that does not apply with equal force when it is destroyed by willful neglect. In each case the widow and child have been deprived of the society and support of the husband and father by the criminal or *quasi* criminal act of another. And whether the injury has been done in one or another of the three modes denounced in the statutes, the consequences to them are the same; and it would seem they ought to be entitled to the same reparation.

Therefore, looking to the reason for the statutory right to sue and recover damages for the destruction of

the life of one person by the act of another, and to the necessity, when it can be properly done, of so construing each part of the General Statutes as to preserve the consistency of the whole, we are of the opinion that the widow and child or children have the prior right to sue for, and the exclusive right to what may be recovered in an action authorized by section 3, chapter 57. And though the right to institute such an action is given to the personal representative, we think, for the reasons indicated, he can exercise that right only for the use and benefit of the widow and child if there be any. It is, we think, also evident that the word heir was intended to mean child, and not to apply to any other description of person.

What proportion of the amount recovered the widow and children may be respectively entitled to, whether the right belongs to adult as well as minor children, and whether the personal representative may maintain such an action in case there be neither widow or child of the person whose life has been so destroyed, are questions not involved in this case and not decided.

It is proper, perhaps, to refer to section 1, chapter 57, whereby it is provided that if the life of a person, not in the employment of a railroad company, shall be lost by its negligence, or the negligence of its servant, the personal representative of the person whose life is so lost may institute suit and recover damages in the same manner that the person himself might have done for any injury when death did not ensue. Why, in the case there mentioned, the personal representative alone is authorized to sue for and recover damages, is not apparent. But we do not think any inference can be

drawn therefrom opposed to the construction we have, for the reasons stated, given to section 3. For section 1 seems to be exceptional in its object and scope, differing from section 3, as well as the two sections heretofore quoted, in respect to the cause of action, measure of damages, and parties who may be sued. Under that section an action may be maintained for a less degree of negligence than willful. The jury has not the right in every case to give punitive damages; only a railroad company can be sued, and no action can be maintained for the loss of the life of a person in the employment of such company.

It appears from the pleadings in this case that the deceased left no children, and consequently the widow is entitled to the whole amount of what may be recovered.

It is to be taken as true that, as stated in the reply, upon her motion appellant was appointed administrator, and at her request, and for her benefit, he instituted this action. But while, if there had been children of the deceased entitled jointly with her to what might be recovered, she could not have defeated this action, instituted at her request, nor prejudiced their rights by subsequently commencing another in her own name; still, being the sole beneficiary, she had the right to institute the second action. But both actions being for the same cause, and for her benefit, could not be maintained; and as we know of no rule of practice that deprives a defendant of the election under such circumstances, appellee had the right to defend either one of them on the merits, and to plead the pendency of either one of them in bar of recovery in

the other; for no agreement between the personal representative and the widow could prejudice its rights; she alone being responsible to appellant for the alleged breach of faith.

As, therefore, the facts stated in the reply were not sufficient to avoid the plea of the pendency of another action for the same cause and for the benefit of the same person, we think the demurrer was properly sustained.

Judgment affirmed.