## BELDING V. BLACK HILLS & FT. P. R. CO.

1. Section 5498, Comp. Laws, which provides that, "if the life of any person * * * shall be lost, * * * the personal representative may institute suit, and recover damages in the same manner that the person might have done for any injury when death did not ensue," is a survival statute, and the only damages recoverable under the section are such as the estate has sustained, but not for the loss of the life of the deceased.

2. When the death of such person is alleged in the complaint to have been instantaneous with the accident causing his death, no right of action could have accrued to the deceased, because the life closed with the accident, and none could therefore accrue to his personal representative. The complaint, therefore, is fatally defective under that section.

3. Section 5499, Comp. Laws, which provides that "if the life of any person * * * is lost or destroyed, * * * then the widow, heirs, or personal representative of the deceased shall have the right to sue * * * and recover damages for the loss or destruction of the life aforesaid," creates a new cause of action in favor of the widow, heirs, or personal representative that can only arise after the death of the party.

4. The intention of the legislature in the passage of this section manifestly was to give to the widow the prior and exclusive right to institute the action and recover the damages under this section in case the deceased left a widow. If none, then that the heirs should have the prior and exclusive right to institute the action and recover the damages.

5. It appearing from the complaint in this action that the deceased left a widow and children surviving him, no action can be maintained under the latter section by the personal representative, as the right to institute such action belongs first to the widow.

6. The damages claimed in this action are those alleged to have been sustained by the widow and children, and not the estate. The personal representative is not authorized to institute an action in behalf of or for the benefit of the widow and children under that statute. The complaint, therefore, is fatally defective under both sections.

(Syllabus by the Court. Opinion filed Dec. 8, 1892.)

24—S. D.

Appeal from circuit court, Lawrence county. Hon. C. M. THOMAS, Judge.

Action by plaintiff, as administrator of the estate of the decedent, against the Black Hills & Fort Pierre Railroad Company for causing the death of the decedent. Verdict for plaintiff. A motion in arrest of judgment was denied and judgment entered for plaintiff. Defendant appeals. Reversed.

The facts are stated in the opinion.

*Moody & Washabaugh* and *Martin & Mason*, for appellant.

At common law no action for injury to the person survives the death of the person receiving them. Cooley, Torts, § 262; Grosso v. Railroad, 13 Atl. 233.

Where death results to the injured party coincident with the accident no cause of action accrues to the personal representatives of the deceased. The cause of action must accrue during the lifetime of the party injured in order to survive to the personal representatives. Hollenback v. Railroad, 9 Cush. 478; Bancroft v. Railroad, 11 Allen, 34; Kennedy v. Standard, 125 Mass. 90; Moran v. Hollings, 125 *Id.* 93; Corcoran v. Railroad, 133 *Id.* 507; Tully v. Railroad, 134 *Id.* 499; Riley v. Railroad, 135 Mass. 292; Nourse v. Packard, 138 Mass. 307; Mulchey v. Washburn, 14 N. E. 106; Womack v. Railroad, 5 S. E 63; Lucas v. *Id.*, 21 Barb. 245.

A statute relating to specific objects and applying to a particular class is not modified, repealed, or affected by a subsequent general enactment. Felt v. Felt, 19 Wis. 193; State v. Goetze, 22 Wis. 363; People v. Wells, 11 Cal. 339; Crane v. Reeder, 22 Mich. 322; Fosdick v. Perrysburg, 14 Ohio St. 472; Pease v. Whitney, 5 Mass. 380; Townsend v. Smith, 109 U. S. 504; State v. Strall, 17 Wall. 436; Territory v. McPherson, 6 Dak. 27; Tierney v. Dodge, 9 Minn. 166; Suth. Stat. Const. § 158.

*McLaughlin & McLaughlin*, for respondent.

The personal representatives, widow, or heirs of the decedent have a cause of action for the loss of his life. Cooley, Torts, 265; Wood, Railways, 412; 2 Thompson, Neg. 1275; 3 Sutherland, Dam. 282; Whitford v. Panama, 23 N. Y. 465. There is a cause of action, though death be instantaneous and coincident with the accident. Murphy v. Railroad, 30 Conn. 184; Brown v. Railroad, 22

N. Y. 191; Nashville v. Prince, 2 Heisk, 580; Fowlkes v. Railroad, 9 *Id.* 892; Haley v. Railroad, 7 *Id.* 239; Roach v. Consolidated, 7 Saw. 224; Conners v. Railroad, 32 N. W. 465; Worden v. Railroad, 33 N. W. 629; Givens v. Railroad, 12 S. W. 257. It is only for pecuniary injuries that this statutory right of action is given. Cooley, Torts, 270; Sedg. Meas. Dam. 646; Railroad v. Baron, 5 Wall. 90. The damages would go to the estate. Morris v. Chicago, 26 Fed. 23; Ladd v. Foster, 31 Fed. 827; Holland v. Brown, 35 Fed. 43; Thompson, Neg. 1294.

Special damages need not be alleged. Sedg. Meas. Dam. 677; Chapman v. Rathmell, 4 Jur. 1180; Quire v. Moore, 15 N. Y. 432; Kelly v. Railroad, 50 Wis. 381; McKinzie v. City, 68 Wis. 50; Wiltse v. Town, 46 N. W. 298; Haughkirk v. President, 92 N. Y. 219; Louisville v. Buck, 19 N. E. 453; Railroad v. Weber, 6 Pac. 877; Searle's Admr. v. Kanawha, 9 S. E 248.

CORSON, J.   This was an action brought by plaintiff, as the administrator of the estate of Merritt J. Belding, deceased, to recover damages alleged to have been caused by the negligence of the defendant, resulting in the death of the decedent. The complaint alleges, in substance, that on September 13, 1890, while deceased was a passenger on the cars of the defendant, a certain tree standing contiguous to the railroad track of the defendant, by reason of the negligence of the servants and agents of defendant, fell, struck the deceased, and instantly killed him. The damages alleged to have been sustained are stated in the complaint as follows: "(5) That said Merritt J. Belding was at the time of his death a resident of Lawrence county, in said state, a married man, and left a widow, Julia Belding, who was dependent on him for support; and also left two children, Harry J. Belding, aged twelve years, and Pearl Belding, aged eight years, dependent upon him for support, nurture, and education; and these have been injured and damaged by the negligence of said defendant and its servants, causing the death of deceased, as aforesaid, in the sum of thirty thousand dollars; and the plaintiff, as administrator of the estate of said deceased, has been injured and damaged as aforesaid in the sum of thirty thousand dollars. Wherefore said plaintiff, as administrator of the estate of said Merritt J. Belding, deceased,

demands judgment against said defendant for the sum of thirty thousand dollars and costs." The defendant, by answer, admits that deceased was instantly killed in the manner alleged, but denies all negligence, damages, etc. A trial was had before a jury, resulting in a verdict for the plaintiff for the sum of $5,000. There were several special findings of the jury, not necessary to be noticed on this appeal. After the verdict was rendered, but before judgment, the defendant moved to arrest the judgment upon the following grounds: "First, no cause of action is alleged in the complaint by the plaintiff against the defendant; second, because the complaint having alleged and the answer admitted that the death of Merritt J. Belding was instantaneous, no cause of action can be maintained by the plaintiff against the defendant company for damages for causing such death; third, because no legal measure of damages is alleged in the plaintiff's complaint, and no issue is embraced in the pleadings upon which damages could be predicated." This motion was denied by the court, to which ruling defendant duly excepted. Judgment was thereupon rendered upon the verdict, and from this judgment and order the defendant has taken an appeal to this court.

The following errors are assigned: "(1) The court erred in sustaining plaintiff's action and not dismissing it for want of a cause of action stated in plaintiff's complaint. (2) The court erred in overruling defendant's motion to arrest judgment herein. (3) The court erred in rendering and entering judgment in favor of said plaintiff and against said defendant."

The motion to arrest the judgment was, in effect, an objection to the complaint that it did not state facts sufficient to constitute a cause of action in favor of the plaintiff. If the complaint is fatally defective, and cannot be made good by amendment, no judgment could legally be entered upon it, and the motion should have been granted. The only question presented on this appeal, therefore, is, did the complaint state facts sufficient to constitute a cause of action in favor of the plaintiff that would entitle him to recover in this action? The learned counsel for appellant contend that as it is alleged in the complaint that the death, resulting from the injury, was instantaneous, the action could not have

been maintained by the plaintiff's intestate, and cannot, therefore, be maintained by his personal representative, and that the statute under which this action was brought does not create a new cause of action, but is a survival statute. The learned counsel for the respondent insist that the statute is not a survival statute, but that it gives a new remedy to the personal representative that did not before exist. They further insist that, if this is not correct, there must have been an interval of time in which plaintiff's intestate had a right of action, and that therefore the plaintiff succeeded to that right. It may be regarded as settled that at common law no civil action can be maintained by an executor or administrator to recover damages sustained by a person by reason of injuries resulting in the death of such person. When the person dies, the cause of action does not survive, but dies with him. Insurance Co. v. Brame, 95 U. S. 754; Dennick v. Railway Co., 103 U. S. 11; The Harrisburg, 119 U. S. 199, 7 Sup. Ct. Rep. 140; Grosso v. Railroad Co., (N. J. Sup.) 13 Atl. Rep. 233; Whitford v. Railroad Co., 23 N. Y. 465; Hollenbeck v. Railroad Co., 9 Cush. 480. This being the rule at the common law, the right to institute and maintain this action, if any exists, must be found in the statute itself. There are two sections of our statute that bear upon this question, which read as follows: "Sec. 5498. If the life of any person, not in the employment of a railroad corporation, shall be lost, in this state, by the reason of the negligence or carelessness of the proprietor or proprietors of any railroad, or by the unfitness or negligence or carelessness of their employes or agents, the personal representatives of the person whose life is so lost may institute suit and recover damages in the same manner that the person might have done for any injury where death did not ensue. Sec. 5499. If the life of any person or persons is lost or destroyed by the neglect, carelessness, or unskillfulness of another person or persons, company or companies, corporation or corporations, their or his agents, servants, or employes, then the widow, heir, or personal representatives of the deceased shall have the right to sue such person or persons, company or companies, corporation or corporations, and recover damages for the loss or destruction of the life aforesaid." The act which has, in most of the American

states, served as a model for this class of legislation, is known as
"Lord Campbell's Act," passed by the British parliament in 1846.
That statute, bearing upon this question, is as follows:  "That
whensoever the death of a person shall be caused by the wrong-
ful act, neglect, or default of another and the act, neglect,
or default is such as would (if death had not ensued) have
entitled the party injured to maintain an action and recover
damages in respect thereof, then, and in every such case, the
person who would have been liable if death had not ensued
shall be liable to an action for damages, notwithstanding the
death of the person injured, and although the death shall have
been caused under such circumstances as amount in law to felony.
That every such action shall be for the benefit of the wife, hus-
band, parent, and child of the person whose death shall have been
so caused, and shall be brought by and in the name of the executor
or administrator of the person deceased; and in every such action
the jury may give such damages as they may think proportioned
to the injury resulting from such death to the parties respectively,
for whom and for whose benefit such action shall be brought; and
the amount so recovered, after deducting the costs not recovered
from the defendant, shall be divided among the before-mentioned
parties in such shares as the jury, by their verdict, shall direct."

It will be observed that that act makes no provision for the in-
stitution of an action for the benefit of the estate, but does pro-
vide that a suit by the administrator or executor may be main-
tained for the use and benefit of the wife, husband, parent, and
child, and that the amount recovered shall be apportioned among
the beneficiaries in such shares as the jury, by their verdict, shall
direct.   It will be further noticed that such action for the use and
benefit of the beneficiaries may be maintained in all cases where
the action could have been maintained by the deceased had death
not ensued.   As before stated, most of the states have statutes
modeled after this act, with more or less changes in the
phraseology, but retaining substantially the substance of the act.
In this state, however, the legislature has adopted an entirely
new system, as will appear from an examination of the sections
above quoted.   It will be noticed—First, that by section 5498 an

action is given to the personal representative for damages sustained, in favor of all persons not employes of a railroad company, against railroad companies, and that such administrator may recover damages in the same manner that the deceased could have done had he survived the injury; and, second, that by section 5499 an action is given to the widow and heirs for the loss or destruction of the life of the deceased, and that the personal representative is not authorized to bring suit for the use or benefit of the widow or heirs. We call attention to these marked distinctions between the English act and the legislation of this state upon this subject, that we may not be misled by the supposed analogy between the two acts.

Considering, first, section 5498,—as that is the section under which it is claimed this action was brought,—the question naturally arises, does that section create a new cause of action, as claimed by counsel for the plaintiff, or is it in the nature of a survival statute, as contended for by the counsel for appellant? We are of the opinion that no new cause of action is created by that section. It limits, it is true, the right of survival to the personal representatives of persons other than employes of the railroad company, and limits the liabilty to such actions to railroad companies only. The personal representative can, in our opinion, recover no damages that could not have been recovered by the deceased had he survived the injury. He cannot, under that statute, recover for the loss of the life of the deceased. That right is only conferred upon the widow, heirs, or personal representative by the following section. The personal representative, under that section, can only recover in the same manner the deceased could have recovered had he survived the injury. This, we think, is made clear by an examination of the two sections, and was the intention of the legislature, as the expression, "in the same manner," in the former section, would indicate.

In what manner, and under what circumstances, could the deceased have recovered had death not ensued? He could have recovered, in addition to his physical and mental suffering, for loss of time and employment, the expenses of medical and surgical attendance, nursing, etc., incident to the injury. Can the personal

representative recover anything more? Certainly not. Had the deceased survived long enough to have brought the action and recovered a judgment for damages, and had subsequently died, this judgment would have gone to the personal representative for the benefit of the estate, and when collected would have constituted a part of the assets of the estate. We are of the opinion, there-fore, that this statute is a survival statute, and presupposes the party deceased to have been once entitled to maintain the action The nature of a survival statute is clearly stated by Mr. Chief Justice SHAW, delivering the unanimous opinion of the court, in Kearney v. Railroad Co., 9 Cush. 108. In speaking of the Massachusetts statute, he says: "The statute supposes the party deceased to have been once entitled to bring an action for damages for the injury, and either to have commenced the action and subsequently died, or, being entitled to bring it, to have died before exercising that right. The question is whether the provision cited applies to the cases before us. In the first case, where the casualty relied on as the cause of action and the death of the party injured were simultaneous, it seems clear that the right cannot survive. The case contemplated by the statute must be of such a nature that the party injured must himself have at some time had a cause of action. The cause of action must accrue during the lifetime of the party injured. Here there was no time, during the lifetime of the intestate, at which a cause of action could accrue, because the life closed with the accident from which a cause of action would have otherwise accrued." The statute referred to is as follows: "An action of trespass on the case for damage to the person shall hereafter survive, so that, in the event of the death of any person entitled to bring such action, or liable thereto, the same may be prosecuted or defended by or against his executor or administrator in the same manner as if he were alive." It is true the language of this statute differs from that used in the one we are considering, but, in substance, it is the same. It will be noticed that the expression "same manner" is used in that statute in the same sense as in ours. The doctrine enunciated in that case has never been questioned or doubted in that court, but has been affirmed in numerous cases. Bancroft v.

Railroad Co., 11 Allen, 34; Kennedy v. Sugar Refinery, 125 Mass. 90; Moran v. Hollings, *Id.* 93; Corcoran v. Railroad Co., 133 Mass. 507; Riley v. Railroad Co., 135 Mass. 292; Nourse v. Packard, 138 Mass. 307; Mulchey v. Car-Wheel Co., (Mass.) 14 N. E. Rep. 106.

The counsel for respondent cites several cases as holding a contrary doctrine, but as these decisions were made, with one exception, under statutes quite different from the one we are considering, they aid us but little in the solution of this question. Such is the case of Brown v. Railroad Co., 22 N. Y. 191. That decision was based upon the statute of New York quite similar to the English act. The one exception, however, (Givens v. Railroad Co., 89 Ky. 231, 12 S. W. Rep. 257,) was made under a similar section, but we are unable to reach the conclusion arrived at by the learned supreme court of Kentucky in that case. The learned counsel for respondent, it seems to us, attaches too much importance to the words of section 5498: "If the life of any person * * * shall be lost." They insist that the loss of life is the gist of the action under that section, and not the injury. But no right to recover for the loss of the life is given under that section. "If the life of any person * * * shall be lost," the personal representative shall recover—what? For the loss of the life? Clearly not; but "damages (for the injury) in the same manner that the person might have done for any injury when death did not ensue." Could any language more clearly express the intention of the legislature to give, by this section, a right to recover damages for the injury, precisely as the deceased could have recovered them had he survived? This court cannot impute to the legislative body that passed this section a want of knowledge as to the use of language to express their intention, for by the next section, where they clearly intended to create a new cause of action in favor of the widow, heirs, etc., for the loss of the life, the intention is clearly and accurately expressed that such widow, etc., shall have the right to recover damages for the loss or destruction of the life aforesaid. Had that body intended by the former section to confer upon the administrator such right, would it not have been equally explicit and direct, instead of using the language we find in the section? We think it would.

But assuming that the statute is not a survival statute, and that the plaintiff had technically a right to maintain the action, the result would be practically the same. Before the personal representative can recover, the estate under that section must have sustained actual damages, other than the loss of the life of the deceased, and these damages must be alleged in the complaint. Bancroft v. Railroad Co., 11 Allen, 34; Foulkes v. Railroad Co., 9 Heisk, 829; Haley v. Railroad Co., 7 Baxt. 239; Regan v. Railroad Co., 51 Wis. 599, 8 N. W. Rep. 292. Where the death is instantaneous, there can be no actual damage sustained by the estate. There could be no loss of time or employment, no expenditure for medical or surgical attendance or nursing, etc., and in this case none was alleged. As was said in Bancroft v. Railroad Co., *supra:* "The action may be maintained to recover such damages as the plaintiff can show were sustained by his intestate during the time that he survived. Of course, nothing can be recovered by reason of his death which ensued." In Foulkes v. Railroad Co., *supra*, the supreme court of Tennessee held that under the statute of limitations the action could accrue to the party, though the death was instantaneous. Still the court says: "The argument is that the cause of action, in cases of instantaneous death, could not accrue to the party in his lifetime, and it is true that for practical purposes it could not." When the plaintiff failed to allege actual damage to the estate, he could not recover nominal damages, as his right of action is based entirely upon the ground of actual damage. Judge Cooley says: "In England the rule is settled that the action will not be supported for the recovery of merely nominal damages." Cooley, Torts, (1st Ed.) p. 270. While this was said with reference to the English act, it applies with greater force to the section under consideration.

The complaint, in our opinion, is fatally defective under section 5498, and is incapable of amendment that can make it a good complaint under that section. The respondent, while insisting that the complaint is good under section 5498, strenuously contends that, if not good under that section, it is good under section 5499. This is controverted by counsel for appellant, who insist that the complaint is fatally defective under that section also; and they

further contend that, as actions against railroad companies are provided for in section 5498, they are necessarily excluded from section 5499, under the familiar rule that a statute relating to specific objects, and applying to a particular class, is not modified or repealed by a subsequent general enactment, though the two may conflict. But we are of the opinion that the rule stated is not applicable to this case. The two sections provided for entirely different classes of cases, and there is no conflict between them. Railroads, by the former section, are charged with a liability to the estates of persons other than railroad employes, for damages resulting to such estates, while all corporations and natural persons are charged with the duty of making compensation to the widows, heirs, or personal representatives for the loss or destruction of the life of a person caused by the negligence of such corporation or person. The action under the former section is not for the loss of life, but to recover damages for the loss sustained by the estate in the lifetime of deceased between the time of the injury and his death; while by the latter section an action is only given for the loss or destruction of the life itself, and can only arise after the death of a party.

The theory of the respondent's counsel is that both sections were intended to provide for the recovery of damages for the loss of the life of the party as against railroad companies, and that by the former section the damage is given to the estate, and by the latter to the widow and heirs. The language of the sections warrants no such construction. So far as appears, both sections were adopted together, and it would be strange, indeed, if the legislature intended that both should be for the loss of life, that the language used in each should have been so entirely dissimilar. Can the action be sustained by the personal representative under section 5499? That section, it will be noticed, confers the right to sue upon the widow, heirs, or personal representative. This section seems designed to embody the principle underlying the English and similar acts,—that of enabling the widow and heirs to recover the damages sustained by her or them by the loss or destruction of the life of the deceased,—yet in its terms

it is quite dissimilar. It does not provide, as we have seen, for the recovery of damages by the widow and heirs, and it is not provided that the personal representative shall institute the action for the use or benefit of such widow and heirs, or that the sum recovered shall be apportioned between the beneficiaries. The section seems to have been adopted with another object in view, and that was to give the widow, having in the death of a husband sustained the greater loss, the prior right to institute the action and recover the damages she has sustained by reason of the death of her husband; and, in case there is no widow, then to give the heirs the right to sue and recover the damages resulting to them from the loss of the life of the deceased. To carry into effect the evident intention of the legislature, the widow should have the prior and exclusive right to institute the action and to the damages for the loss of the life of the husband. When there is no widow, then the heirs are given the same prior and exclusive right to sue and recover such damages as they have sustained by the death of the person. It cannot be presumed the legislature intended that the right to bring the action should be determined by the vigilance or nonvigilance of the respective parties. It is quite evident that only one action can be maintained under this section. If the action can be instituted by the personal representative, the damages recovered by him would be assets of the estate, and, in case the estate was insolvent, the money recovered would go to the creditors. This could not have been the intention of the legislature. The intention that the damages should go to the widow, and in case there was no widow then to the heirs, if any, is so manifest that to hold otherwise would be clearly in direct opposition to the intention of the lawmaking power. No apportionment of the damages recovered is provided for, and hence the conclusion is irresistible that the widow has the prior and exclusive right to institute the action and to the damages. It may be that in this case there are no debts of the estate, and that the damages recovered by the administrator would be distributed to the widow and heirs. But the same rule must be applied in this case that would apply in all cases, whether the estate was solvent or insolvent. Again, assuming that the estate

was perfectly solvent, the damages would necessarily have to be distributed as provided by the statute relating to estates of deceased persons, and the widow would be required to share the damages with the heirs.   This would be, we think, contrary to the intention of the legislature.   The supreme court of Kentucky has held, under a similar provision, that the widow and heirs have the prior right to bring the action and the exclusive right to the damages.   Jordan's Adm'r v. Railroad Co., 89 Ky. 40, 11 S. W. Rep. 1013; Henderson's Adm'r v. Railroad Co., 86 Ky. 389, 5 S. W. Rep. 875.   It is but reasonable to presume that the legislature had before them the provisions of the acts of the various states, many of which are, as we have seen, modeled after the English acts, in which the right of action is given to the personal representative for the use and benefit of the widow, etc., and in which the damages are apportioned by the verdict of the jury, and that in adopting provisions so dissimilar they intended the damages for the loss of the life of a decedent should be recovered by and go to the widow, and, if no widow, to the heirs.   This seems but reasonable and just.   All must concede, we think, that the wife, in the loss of her husband, on whom she is dependent for support, sustains a greater loss by such death than any other person. When there are minor children they are usually dependent upon her for their care and support, and will, ordinarily, receive a proportionate benefit from the damages recovered by the widow. When the deceased leaves no widow, but does leave children or heirs, it seems but proper that they should share the damages recovered.   Under what circumstances the personal representative may recover under that section it is not now necessary to decide, as the complaint in this action discloses the fact that deceased left a widow and minor children surviving him.   To give full effect, then, to the statute, and secure to the widow, or, if none, to the heirs, the benefit the act intended to confer upon them, the widow, if there is one, and, if none, the heirs, must have the prior and exclusive right to institute the action under section 5499.   As it affirmatively appears from the complaint that there is a widow and children, the plaintiff cannot maintain the action under that section; as he cannot maintain the action for the benefit of the

widow and heirs, and is not authorized, so long as there is a widow or heirs, to maintain this action. Our conclusion is therefore that the plaintiff shows no right to maintain the action under the latter section. It follows, then, that the complaint states no facts constituting a cause of action under either section, upon which plaintiff can recover, and, as the complaint is fatally defective, and incapable of being made good by amendment, the motion in arrest of judgment should have been sustained. For the error in refusing to sustain the motion the judgment of the court below is reversed, and the cause remanded, with directions to the court below to dismiss the action.

All the judges concur.