TOPPING, Administrator, Appellant, vs. THE TOWN OF ST. LAWRENCE, Respondent.

*November 28 — December 29, 1893.*

*Death by wrongful act: Pleading: Pecuniary injury: Survival of action.*

1. In an action under secs. 4255, 4256, R. S., to recover damages for the death of plaintiff's intestate, who left no widow and whose children are none of them alleged to be infants, the complaint is *held* defective in not showing that there were any persons to whom pecuniary injury resulted from such death.

2. An action to recover the amount of expenses incurred in consequence of a personal injury which was caused by defects in a highway and resulted in death, cannot be maintained by the personal representative of the deceased.

APPEAL from the Circuit Court for *Waupaca* County. The facts are stated in the opinion.

For the appellant there was a brief by *E. L. & E. E. Browne*, and oral argument by *E. E. Browne*.

For the respondent the cause was submitted on the brief of *Cate, Jones & Sanborn*.

ORTON, J.   The circuit court sustained the objection of the defendant to any testimony being taken on the ground that the complaint does not·state facts sufficient to constitute a cause of action.   The plaintiff not offering to amend the complaint, the action was dismissed and judgment rendered against the plaintiff for costs.   The plaintiff has appealed from the judgment.

The only question, therefore, is as to the sufficiency of the complaint.   The complaint, in substance, is that William Topping, deceased, on the 1st day of July, 1891, was very severely injured by reason of the insufficiency and want of repair of a certain highway of said town, which consisted of holes in a ʽcertain bridge or culvert and large stones near by in said highway.   On the 22d day of November, 1891, the said William Topping died of the injuries so received.   In the intervening time between said injury and his death the said William Topping, on the 16th day of September, 1891, caused a notice to be served on one of the supervisors of said town, stating the place where said injury occurred, and describing the insufficiency and want of repair which caused the injury; and on the same day caused to be filed with the clerk of said town a written statement of his claim, to be laid before the board of audit; and said board met, considered, and rejected said claim, but not until the 5th day of April, 1892,— after his death. These steps were taken preparatory to commencing suit against said town for said injury.   During the last sickness of the said William Topping, physicians, nurses, and medi-

cines were necessarily employed, at an expense of $700, and after his death his funeral expenses were $75, and the wagon and harness injured in said accident were repaired at an expense of $25. These expenses were paid by *Warren C. Topping*, Gilbert W. Topping, Myron M. Topping, Frank H. Topping, Ellen Vaughn, and Evelyn E. Watts, the children and heirs at law of William Topping (deceased); and the said *Warren C. Topping* was duly appointed administrator of his estate. The said children procured the said medicines and medical attendance at the request of their father, the said William Topping. The said William Topping had no wife at the time of said injury, and left no widow, as a matter of course, at his death. It was said on the argument that the said William Topping was over eighty years of age when injured. The said children are none of them alleged to be under twenty-one years of age, and they were all probably beyond that age, judging from their father's age. The plaintiff demands judgment for $5,000, interest, and costs.

It will be observed that all the expenses, etc., which were paid by the children for their father and for his estate were incurred in consequence of the injury caused by the negligence of the town in not repairing said highway. William Topping was about ready to commence suit against the town for his damages, when death arrested his purpose. There is nothing more certain than that such an action abated at the death of William Topping. Such an action of tort may not be waived for an action on contract, and that is the only exception as to torts.

An action in consequence of the injury survives only by reason of the death of the injured person, caused by it. It is strictly not proper to say that such an action survives. It is rather a new action given by statute (secs. 4255, 4256, R. S.), and which may be brought for the benefit, not of his estate, but of his children, if any, who have sustained

Topping vs. The Town of St. Lawrence.

some pecuniary loss or damage by his death. The damages which can be recovered are limited to a mere indemnity. The children must have some pecuniary interest in his life, which they have lost by his death. In other words, the continuance of his life must have been of some pecuniary advantage to the beneficiary, which has been terminated by his death. Hence the widow, if living, and if not, then the infant children, are the proper beneficiaries in this case, if there were any such.

The complaint must show that there are such beneficiaries, to entitle the administrator to bring the suit for their benefit. The value of the life of the deceased to any one is in issue in such a case, and his ability to contribute for the support of his family. Therefore those only are the beneficiaries who are entitled to such support. The statute (sec. 4256, R. S.) sufficiently defines this purpose: "And in every such action, the jury may give such damages, not exceeding five thousand dollars, as they shall deem fair and just in reference to the *pecuniary injury* resulting from such death, *to the relatives* of the deceased specified in this section." In *Regan v. C., M. & St. P. R. Co.* 51 Wis. 599, Chief Justice COLE has explained, in his able and elaborate opinion, the true scope and limitations of this remedy given by the statute, in the light of former cases in this court and of the decisions of the courts of New York, in very clear and explicit language; and any further discussion of the question is unnecessary. The complaint is materially defective in not showing that there are any persons who have sustained any pecuniary loss or damage by the death of William Topping, or to whom his life would have been of any pecuniary benefit or advantage, or to whose pecuniary support his life would have contributed. The ruling of the circuit court was correct.

*By the Court.*— The judgment of the circuit court is affirmed.