QUINN, Administratrix, Appellant, vs. CHICAGO, MILWAU-
KEE & ST. PAUL RAILWAY COMPANY, Respondent.

*January 12—February 1, 1910.*

*Death: Right of action, when arises: Survival: Statute enacted after
injury: Construction: Retroaction: Constitutional law.*

1. A law giving, under specified circumstances, a right of action for
   damages to particular surviving relatives of a person when his
   death has been caused by actionable negligence of another, does
   not apply to wrongs antedating the law though death resulted
   therefrom subsequently.
2. Though there may different rights of action for damages arise
   from the injury and death of a person through actionable negli-
   gence of another, each springs from a remedial right, as dis-
   tinguished from a violation of it, existing at the time of the
   wrongful act.
3. The right of action accruing in favor of surviving relatives of a
   person upon his death being caused by actionable negligence of
   another, is not one which survives since it does not exist till
   death occurs.
4. Though the right of action arising in favor of surviving relatives
   of a person upon his death being caused by actionable negli-
   gence of another comes into existence when death occurs, it has
   an inchoate existence as soon as the negligent, act produces the
   injury.
5. A statute which is not by its terms retroactive but is ambiguous,
   is to be strictly construed in favor of nonretroactive character.
6. Though the legislature may provide new remedies for past wrongs
   it cannot create new obligations therefor.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Iowa
county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

The claim of the plaintiff was that on the 25th day of June,
1907, Stephen Quinn was injured by actionable negligence of
the defendant. He commenced an action to recover compen-
sation therefor. Pending the action, he died by reason of his
injuries, leaving no lineal descendants or ancestors, but leav-
ing two sisters. The action was revived in favor of his per-
sonal representative and a supplemental complaint served con-

taining the old cause of action and a second supposed cause for recoverable damages for the benefit of the sisters.

Subsequent to the injury and prior to the death, by ch. 164, Laws of 1907, it was provided that in case of the decease of a person from the wrongful act of another in such circumstances that if death had not ensued the injured person might have maintained an action to recover damages in respect thereto, the wrongdoer should be liable to an action for damages, notwithstanding the death, in favor of surviving brothers and sisters, in case of there being any and there being no husband or widow or lineal descendant or ancestor to claim damages. Prior to such law collateral relations had no such right of action.    The defendant demurred to the new cause of action for insufficiency, and the demurrer was sustained.

The cause was submitted for the appellant on the brief of *Fiedler & Fiedler,* and for the respondent on that of *Spensley, McIlhon & Priestly,* attorneys, and *Chas. E. Vroman,* of counsel.

MARSHALL, J.    Appellant submits for decision this proposition: Does a law passed subsequent to the injury of a person and before his death resulting therefrom; the injury having been caused by negligence of another under such circumstances that had such person lived he could have recovered of such other compensation for his injury; creating a right of action for damages sustained by particular surviving relatives, apply to them?

As indicated by the statement, when plaintiff's intestate was injured, by the statutes of this state (secs. 4255, 4256, Stats. 1898) an action accrued to him to recover damages in respect thereof, and, contingent upon his death ensuing from such injury leaving no widow, a right of action accrued in favor of his personal representative for the benefit of his lineal descendants, in case of there being any, otherwise in favor of his lineal ancestors, in case of there being any, for the

damages suffered to them by reason of the wrong. No right of action, in any event, existed in favor of collateral relatives. After commission of the wrong, by ch. 164, Laws of 1907, sec. 4256 was amended adding a third class of beneficiaries, viz.: brothers and sisters, in case of a death caused by such an injury under the circumstances named. It will be observed that the right of action in such a case as this is dependent upon, first, death of a person caused by actionable negligence of a legally responsible party, second, survival of relatives mentioned in the statute who had a pecuniary interest in the continuance of the life. Hence, without the particular survivor, or survivors, mentioned in the statute there is no right of action for damages other than the one in favor of the person injured. *Woodward v. C. & N. W. R. Co.* 23 Wis. 400; *Regan v. C., M. & St. P. R. Co.* 51 Wis. 599, 8 N. W. 292; *Gores v. Graff,* 77 Wis. 174, 46 N. W. 48; *Topping v. St. Lawrence,* 86 Wis. 526, 57 N. W. 365; *Schmidt v. Menasha W. Co.* 99 Wis. 300, 74 N. W. 797; *Brown v. C. & N. W. R. Co.* 102 Wis. 137, 77 N. W. 748, 78 N. W. 771.

The right of action for the benefit of survivors, though sometimes spoken of as one which survives, is really not that, because it does not come into existence till the death of the injured person occurs. *Topping v. St. Lawrence, supra; Brown v. C. & N. W. R. Co., supra.* However, the right, inchoate in character as distinguished from the right of action, comes into existence and becomes fixed as soon as the injury occurs, but the right of action waits upon death occurring.

Counsel for appellant, in this case, failed to discover that the terms, "new right or cause of action" and "new right," used particularly in *Brown v. C. & N. W. R. Co., supra,* were treated as synonymous, going no further than the term "right of action" used in previous decisions, and not as suggesting a right the violation of which creates a right or cause of action. The latter depends upon the former. Without the one there cannot be the other. That one relates to and springs into

existence at the time of commission of the wrong, and is not violated so as to create the cause of action till that wrong results in death. It is said in the *Brown Case* that the wrong is single. From it there may spring two complete violations of rights, making two distinct causes of action. The one becomes vested the instant the injury happens, the other is in suspense till death occurs.

It must follow from the very logic of *Brown v. C. & N. W. R. Co.,* upon which the learned counsel depend, that all rights of action for the death of a person, as in this case, must depend upon the status as regards the law at the time of the injury, for it is then that the remedial right, as against the wrongdoer, must exist and its violation commence, in contemplation of the statute, in order that the final event terminating the possibility of pecuniary benefits accruing to the statutory beneficiary by a continuance of the life may constitute a remediable wrong.

The result is that the law of 1907, passed subsequent to the wrong, adding collateral relations to the class of persons for whose benefit such an action as this may be brought, did not give such persons a right of action, because not having a remedial right at the time of the injury which could then form the basis of a right of action contingent upon the death of the injured party.

It seems that the logic of *Keeley v. Great N. R. Co.* 139 Wis. 448, 121 N. W. 167—where, under a law passed subsequent to the injury increasing the maximum amount recoverable in such cases and plaintiff sought to recover the increased amount, the court held that such subsequent law, in effect, created a new right of action as distinguished from a new remedy to enforce an existing right of action—is in harmony herewith. It was substantially held that the law not only did not, but could not, legitimately, have a retroactive effect; that rights growing out of a wrong must relate to the happening of the wrong itself.

The statute is not by its terms retroactive. If it were ambiguous on that point it would, on general principles, have to pass successfully the test of strict construction to be held retroactive in intent (*Vanderpool v. La Crosse & M. R. Co.* 44 Wis. 652, 663), and particularly so since it is somewhat penal in character, though, of course, not classible as a penal law, strictly so called. Then, again, the decision referred to and the result here is within the principle that the legislature cannot, if it would, pass a law creating new obligations based on past wrongs or acts, though it may provide new remedies for existing situations. *Klaus v. Green Bay,* 34 Wis. 628; *Lombard v. Antioch College,* 60 Wis. 459, 473, 19 N. W. 367.

So from any viewpoint the proposition suggested is surveyed it must be resolved in the negative in harmony with the circuit judge's decision.

*By the Court.*—Judgment affirmed.