KLEIN, Judge.
The appellee’s adult son was injured in an automobile accident on December 4, 1989, and died as a result of those injuries on September 28, 1992. Between his accident and his death, our Wrongful Death Act, section 768.21, Florida Statutes was amended to provide that parents of an adult child can recover for mental pain and suffering if there *1058 are no other survivors. The trial court held that the date of death determined which version of the statute applied, and that the new law, allowing the parents to recover, was therefore applicable. Decedent’s uninsured motorist insurer appeals the final judgment, and we affirm.
When our legislature amended our wrongful death statute, it specifically provided that it was effective October 1, 1990, and applied to causes of action accruing on or after that date.[1] A cause of action for wrongful death accrues on the date of decedent’s death. Moorey v. Eytchison & Hoppes, Inc., 338 So.2d 558, 559 (Fla. 2d DCA 1976); Walker v. Beech Aircraft Corporation, 320 So.2d 418, 420 (Fla. 3d DCA 1975), cert. denied, 338 So.2d 843 (Fla.1976). The trial court thus correctly applied the amendment.
In arguing that the statute in effect at the time of the accident governs, the insurer relies solely on cases from other jurisdictions.[2] In those cases the courts were troubled by the concept of retrospectively applying a new or amended wrongful death law to an accident occurring prior to the passage of new legislation, and concluded that the date of the accident controlled.
There are two reasons why these cases from other jurisdictions are not applicable. First, our legislature specifically provided that this amendment would apply to causes of action accruing on or after October 1,1990. Second, even if this application were deemed retrospective, our wrongful death statute is remedial,[3] which means that it can constitutionally be applied retrospectively. City of Lakeland v. Catinella, 129 So.2d 133 (Fla.1961).
Affirmed.
HERSEY and GLICKSTEIN, JJ., concur.

. Ch. 90-14, § 3, at 93, Laws of Fla.

. Quinn v. Chicago, M & St. P. RY. Co., 141 Wis. 497, 124 N.W. 653 (1910); Slate v. City of Ft. Worth, 193 S.W. 1143 (Tex.Civ.App.1917); Beausoleil’s Case, 321 Mass. 344, 73 N.E.2d 461 (1947).

. Section 768.17, Florida Statutes.