## Mary Hart et al., Appellees, v. Penwell Coal Mining Company, Appellant.

1. MINES AND MINERS ACT—*in whom right of action for death resulting from wilful violation lies.* The Mines and Miners Act gives a right of action for death caused by a wilful violation of its provisions, first, to the widow if she survives, and, second, to the lineal heirs or adopted children in case the widow does not survive; a joinder of the widow and the lineal heirs is improper.

2. EVIDENCE—*when invades province of jury.* It is error to permit a witness to state whether a particular room in which the deceased was working at the time of his death was or was not a dangerous place; conditions may be described by an expert, but the ultimate conclusion must be left to the jury.

Action in case for death caused by alleged wrongful act. Appeal from City Court of Pana; the Hon. JOSIAH P. HODGE, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded. Opinion filed November 24, 1908.

J. C. & W. B. MCBRIDE, for appellant; MASTIN & SHERLOCK and MCQUIGG & DOWELL, of counsel.

J. W. PREIHS, E. A. HUMPHREYS and HOGAN & WALLACE, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Mary Hart, widow, and Maggie, Mamie, Emma and Oneita Hart, children of Louis Hart, deceased, brought suit in the city court of Pana against the Penwell Coal Mining Company to recover for damages sustained by them through the death of said Louis Hart, alleged to have resulted from the wilful failure of the coal mining company to observe the statute relating to mines and miners. There was a verdict upon which judgment was rendered in favor of appellees in the sum of $5,000 and the coal mining company appealed.

Appellees' right of recovery was based upon the claim that the death of Louis Hart, who was killed in appellant's coal mine, was caused by the wilful viola-

tion by appellant of the provision of chapter 93 relating to mines and miners; that the deceased was working as a coal digger in appellant's mine and while he was so engaged appellant suffered and permitted a cross-cut to be driven from a room adjoining that in which deceased was at work at an improper distance from the next nearest cross-cut and in advance of the face of the room in which Hart was then at work; that because of such cross-cut being made or attempted at such improper distance, and in advance of the room deceased was working in, the coal over the place where deceased was working was loosened and caused the fall, whereby Hart was killed. The wilful neglect charged was that appellee was permitted to enter said mine to work, not under the direction of the mine manager, when there were unsafe and dangerous conditions in the mine; that the mine examiner had failed to inspect the mine and mark dangerous places and notify men to keep out, and that appellant had made a cross-cut between the rooms involved at a greater distance than sixty feet from the one next nearest to it.

At the conclusion of the evidence for appellees and again at the conclusion of all the evidence appellant entered its motion to exclude all the evidence and direct a verdict for defendant upon the ground, among others, that there was a misjoinder of parties. This motion was, in each instance, overruled and this action of the court is now assigned as error.

Section 33 of Chapter 93 provides that in cases of this kind "a right of action shall accrue to the widow of the person so killed, his lineal heirs, or adopted children, or to any person or persons who are, before such loss of life, dependent for support on the person or persons so killed."

Appellees argue that it is proper to join the widow and children of decedent as parties and cite the cases of Kellyville Coal Company v. Bruzas, 125 Ill. App. 468, and Beard v. Skeldon, 113 Ill. 584, in support of

that contention.  These authorities do not, in our judg-
ment, support that claim.  All that was said, upon
this subject, in the Bruzas case was that in a suit by
a widow under this act, in view of the fact that the
law permitted only one recovery, it was competent for
a widow to show that she had minor children, but it
was not held that the children could bring suit, by
themselves or jointly with the widow while she re-
mained alive.  In the Beard v. Skeldon case the court
say that the widow, under the statute, is entitled to
sue and recover for the loss, whatever it may be, but
in case there should be no widow, but lineal heirs or
adopted children, then the right of action is conferred
upon them.  In our opinion the statute gives the right
of action first, to the widow if she survives; second,
to the lineal heirs or adopted children in case the
widow does not survive.  It was error to overrule ap-
pellant's motion and to enter judgment in favor of all
the appellees.

It is next insisted by appellant that the trial court
was in error in permitting appellees to ask for the
opinion of witnesses as to whether or not dangerous
conditions existed in Hart's room; that witnesses were
allowed to say, over objection by appellant, that the
room would be a dangerous place to work in, because
of the opening of a cross-cut from another room to-
wards Hart's room and in advance of the face of his
room.

Appellees argue that it was proper to permit ex-
perienced miners to give their opinion in reference to
what constitutes a hazardous or dangerous condition
in a coal mine and cite Kellyville Coal Co. v. Strine,
217 Ill. 531, in support of that claim.

In the Strine case expert testimony was admitted to
show the fitness of certain timbers or cross-bars to be
used as props to support the roof of a coal room.  In
passing upon the competency of that evidence the court
say: "In the case at bar, the witnesses were not asked
as to the safety of using the timbers or cross-bars in

question, but simply as to whether the use of such bent and broken cross-bars was a proper method of propping the roof of the mine." We have no doubt, under the holding in that case, that it would be competent to show by expert witnesses the proper method of cutting cross-cuts from one room to another, but that it would not be and was not competent to ask such witnesses whether or not the room where Hart was at work was rendered a dangerous place in which to work because of the opening of the cross-cut as described by the witnesses. Whether or not the room was rendered dangerous and unsafe, was a conclusion to be drawn by the jury, from all the facts and circumstances proven upon the trial. The admission of this evidence was error.

Some of appellees' instructions, instead of stating the law as applicable to the facts which the evidence tended to establish, in our judgment tended to confuse the jury; in several of them there was an attempt made to state the averments of the declaration and also to state the duties of appellant as fixed by the statute while in others the terms "mine manager" and "mine examiner" were used indiscriminately.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*