Argued April 4, reversed and remanded April 24, 1917.

## HAWKINS *v.* ANDERSON & CROWE, INC.[*]

(164 Pac. 556.)

Death—Actions for Death—Right of Administrator to Sue.

1. Employers' Liability Act (Laws 1911, p. 17), Section 4, provides that, on loss of life by negligence, the widow of the person killed, his lineal heirs or adopted children, or the husband, mother or father, as the case may be, shall have a right of action.   Section 380, L. O. L., provides that in case of wrongful death the personal representatives of decedent may maintain an action at law therefor.   *Held*, that where an employee, having no kin as named in Section 4 of Employers'

---

[*]Authorities discussing the question as to whether personal representative of deceased person is proper party to bring action for death are collated in a note in L. R. A. 1916E, 160.

On constitutionality, application and effect of Federal Employers' Liability Act, see notes in 47 L. R. A. (N. S.) 38; L. R. A. 1915C, 47.

                                                        REPORTER.

Liability Act, is killed, though the administrator cannot recover under such section, he can recover under Section 380, L. O. L.

> [As to actions for causing death, see note in 70 **Am. St. Rep.** 669.]

**Master and Servant—Employers' Liability Act—When Operative.**

2.  The Employers' Liability Act is not applicable to cases wherein the rights of the parties are determinable by maritime law.

From Multnomah: GEORGE N. DAVIS, Judge.

Martin W. Hawkins, as administrator of the estate of C. G. Lee Blond, deceased, brought this action against Anderson & Crowe, Inc., a corporation. From a judgment dismissing the action, plaintiff appeals. Reversed and remanded.

Department 2.   Statement by MR. JUSTICE BEAN.

This is an action brought by an administrator against the defendant corporation to recover damages for the wrongful death of C. G. Lee Blond, who died from injuries received while in the employ of the defendant and caused by its negligence. A demurrer was interposed to the complaint upon the grounds:

"1st.   That the plaintiff has not legal capacity to sue.

"2nd.   That the complaint does not state facts sufficient to constitute a cause of action against the defendant."

This demurrer was sustained and a judgment rendered dismissing the action, from which plaintiff appeals.

Omitting some of the formal parts thereof the complaint alleges in substance as follows:

That C. G. Lee Blond died in the City of Portland, Oregon, on or about November 3, 1914, from personal injuries sustained by him while in the employ of the defendant and caused by its negligence as hereinafter set forth; that he left surviving him no widow, no

lineal heirs, no children, no adopted children, no mother and no father; that his heirs were and are J. P. Lee Blond, a brother, Elizabeth M. Rush, a sister, and R. G. Lee Blond, a son of his deceased brother F. C. Lee Blond.

That thereafter and on or about November 4, 1915, Martin W. Hawkins was duly appointed administrator of the estate of the deceased, and ever since has been and now is the qualified and acting administrator.

That on or about October 17, 1914, the deceased, with others, was employed by the defendant to line a sailing vessel named the "Urania"; that it was the duty of the corporation while having such work performed to furnish decedent a reasonably safe place in which to work, reasonably safe instrumentalities and appliances with which to work, and to maintain the same in a reasonably safe condition, all of which it failed to do.

That the ship was constructed with narrow iron beams running lengthwise in the hold thereof and along the sides of the vessel; that what are known as cargo battens were placed between these beams, which battens were supposed to be and are on all ships always bolted or fastened into the hull with iron bolts or nails to hold them permanently and safely in place in order to make the ship strong; that the deceased was ordered by the defendant's foreman to mount the iron beams, use them for the purpose of a scaffold, and to use and hold on to the cargo battens to steady himself and keep himself from falling while performing his duties in lining the ship; that the deceased obeyed this order; that the iron beams were very narrow and about nine feet from the bottom of the ship; that beneath the place where deceased was working there were certain angle irons running crosswise of

the boat at the bottom thereof, which projected above the surface of the floor creating a dangerous situation in case any person should fall and strike against them; that this place was also highly dangerous because of the fact that the cargo battens which deceased was obliged to use and hold on to in doing his work had not been bolted or nailed to hold them permanently or safely in place, or to prevent them from giving way when he took hold thereof to steady himself and keep from falling, "and for the further reason that the hole in said cargo batten through which the bolt is placed to fasten into the side of the ship was too large for the head of the bolt, and said bolt was too small for the hole in said batten to hold said batten fast, firmly and securely in place when it was being used in lining the ship, so that said batten would slide off the bolt when a person was holding on to said batten; all of which facts defendant knew or ought to have known by the exercise of reasonable care and foresight."

That on or about October 17, 1914, while deceased was walking on one of these narrow iron beams and taking hold of one of the cargo battens to perform his work, the latter gave way and slipped off the bolt, causing him to fall with great force and violence a distance of about nine feet to the bottom of the ship, there striking his body against the projecting angle irons, and severely injuring him, from the effects of all of which he died on or about November 3, 1914, to the damage of his estate in the sum of $7,500, without any fault on his part.     Reversed and Remanded.

For appellant there was a brief over the names of *Mr. Edward J. Brazell* and *Messrs. Giltner & Sewall,* with an oral argument by *Mr. Brazell.*

For respondent there was a brief over the name of *Messrs. Griffith, Leiter & Allen,* with an oral argument by *Mr. Harrison Allen.*

MR. JUSTICE BEAN delivered the opinion of the court.

It is first submitted by plaintiff that the administrator can maintain the action regardless of whether there are any beneficiaries as described under the 1910 statute. With this contention we are not in accord. There being no relatives of the deceased mentioned in the Employers' Liability Act, General Laws of Oregon for 1911, page 16, adopted by the people in 1910, it is further contended by counsel for plaintiff that the administrator has the right to prosecute the action under Section 380, L. O. L., which provides:

"When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action at law therefor against the latter, for any injury done by the same act or omission. Such action shall be commenced within two years after the death, and damages therein shall not exceed $7,500.00, and the amount recovered, if any, shall be administered as other personal property of the deceased person."

Counsel for defendant claims that as the facts alleged bring the case within the provisions of the Employers' Liability Act and as there are none of the beneficiaries which are specified in that act, no action can be maintained.

The Employers' Liability Act is entitled "An Act providing for the protection and safety of persons engaged in the construction, repairing, alteration, or other work, upon buildings, bridges, viaducts, tanks, stacks and other structures, or engaged in any work upon or about electrical wires, or conductors, or poles, or supports, or other electrical appliances or contrivances carrying a dangerous current of electricity; or

about any machinery or in any dangerous occupation
and extending and defining the liability of employers
in any or all acts of negligence, or for injury or death
of their employees, and defining who are the agents
of the employer, and declaring what shall not be a
defense in actions by employees against employers,
and prescribing a penalty for a violation of the law.''

Section 4 thereof directs:

''If there shall be any loss of life by reason of the
neglects or failures or violations of the provisions of
this act by any owner, contractor, or subcontractor, or
any person liable under the provisions of this act, the
widow of the person so killed, his lineal heirs or
adopted children, or the husband, mother, or father,
as the case may be, shall have a right of action with-
out any limit as to the amount of damages which may
be awarded.''

As its title indicates the purpose of the act appears
to have been to extend the liability of employers and
curtail the defenses that were accorded to them pre-
viously. It does not seem to have been the contem-
plation of the lawmaker to take away the right of re-
covery already conferred by Section 380, in cases
where the act does not apply. It is now settled that
there can be but one recovery in such a case. A judg-
ment under the enactment of 1910 in favor of the
widow of the person killed is a bar to another action
in favor of the other relatives named, and a recovery
by either of the beneficiaries named therein would pre-
clude a recovery under Section 380, L. O. L. The
latter section has not been abrogated by the enactment
of the Employers' Liability Act: 2 Labatt on Master
and Servant (1 ed.), § 664; 1 Dresser on Employers'
Liability, § 2, p. 20; *Staats* v. *Twohy Bros.*, 61 Or. 603
(123 Pac. 909).

While the question involved is presented as a new one the principle which governs was raised in a different manner and adjudicated in the case of *Niemi* v. *Stanley Smith Lbr. Co.*, 77 Or. 227 (147 Pac. 532, 149 Pac. 1033). At page 235 of 77 Or. (page 1035 of 149 Pac.) of the opinion Mr. Justice BENSON said:

"While there is scant authority upon the question as to whether or not the administrator can maintain the action in the event of a failure of all the beneficiaries named in the Employers' Liability Act, we conclude that the better view is well expressed in the case of *Pittsburgh, Ft. Wayne & Chicago Ry. Co.* v. *Vining's Admr.*, 27 Ind. 518 (92 Am. Dec. 269), in which the court says: 'So, also, although by the provisions of Section 27 (2 Gav. & H. St. 1862, p. 56) the action for the death of a child must be brought by the father, or in case of his death, or desertion of his family, or imprisonment, by the mother, or by the guardian for his ward, it seems clear to us that, where there was neither father, mother, nor guardian, the case, not being specially provided for, would then come within the provisions of Section 784 (page 330), and the administrator would be the proper person to sue.' "

It will be noticed that it is plainly alleged in the complaint that there are none of the beneficiaries named in the Employers' Liability Act. It is therefore only necessary to add to the Niemi Case, that in the event of the wrongful death of an employee caused by the negligence of an employer engaged in a hazardous occupation, where the deceased leaves surviving him none of the beneficiaries named in the statute mentioned, and where the facts alleged constitute a cause of action for negligence independent of the liability law, then the executor or administrator can maintain an action for damages for such wrongful death under Section 380, L. O. L. Such a case should

be tried as though the Employers' Liability Act had never been passed, and not under the latter statute: *Staats* v. *Twohy Bros.*, 61 Or. 603 (123 Pac. 909); *McDaniel* v. *Lebanon Lumber Co.*, 71 Or. 15 (140 Pac. 990); *McClaugherty* v. *Rogue Riv. Elec. Co.*, 73 Or. 135 (140 Pac. 64, 144 Pac. 569); *Niemi* v. *Stanley Smith Lumber Co.*, 77 Or. 227 (147 Pac. 532, 149 Pac. 1033); *Bowes* v. *Boston*, 155 Mass. 344 (29 N. E. 633, 15 L. R. A. 365); *Williams* v. *South etc. Ry. Co.*, 91 Ala. 635 (9 South. 77); *Colorado Milling Co.* v. *Mitchell*, 26 Colo. 284 (58 Pac. 28); *Chiara* v. *Stewart Mining Co.*, 24 Idaho, 473 (135 Pac. 245); *Hawkins* v. *Barber Asphalt Co.* (D. C.), 202 Fed. 341.

2. While some of the complaint as worded indicates that it was the intention of the pleader to bring the case within the terms of the Employers' Liability Act, and also that if there were any of the beneficiaries named therein to bring the action they would have a right to do so, nevertheless it seems that a case of negligence is alleged independent of the Employers' Liability Act of 1910. It may be that the rights of the parties are to be determined by the maritime law: *Schuede* v. *Zenith Steamship Co.* (D. C.), 216 Fed. 566. If so, the provisions of the Employers' Liability Law, relied on by the defendant as the basis of its demurrer, are certainly not applicable.

It follows that the judgment of the Circuit Court sustaining the demurrer and dismissing the action must be reversed and the cause remanded for such further proceedings as may be deemed proper not inconsistent herewith. It is so ordered.

REVERSED AND REMANDED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE MCCAMANT concur.