Submitted on briefs October 2, affirmed December 30, 1919; rehearing denied February 10, 1920.

## WILCOX *v.* WARREN CONSTRUCTION CO.*

(186 Pac. 13.)

**Death—Action to be Maintained Directly by Beneficiary.**

1. Under employers' liability law, Section 4, as to action for loss of life due to negligence, the action is to be maintained directly by whatever beneficiary is entitled to sue, and not through any intermediary.

**Death—Statute Creates Several not Joint Cause of Action in Favor of Widow and Lineal Heirs Which Dies With Her.**

2. Under employers' liability law, Section 4, giving a right of action for death to the widow of the person killed, his lineal heirs "or" adopted children, the widow has the exclusive right to sue for death of her husband in her own name; and, where she does not prosecute, her cause of action dies with her, and the husband's lineal heirs, children by a former wife, cannot maintain the action.

**Evidence—Common Learning as to Meaning of Conjunction Placed Before Last of Series.**

3. It is common learning as a matter of grammar that when in an enumeration of persons or things the conjunction is placed immediately before the last of the series, the same connective is understood between the previous members.

**Death—Persons Entitled to Sue.**

4. Employers' liability law, Section 4, enumerating persons who may sue for death, is in derogation of common law, and its terms are not to be expanded by implication.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.

In substance the complaint alleges that one Henry J. Wilcox lost his life March 18, 1914, in the service of the defendant owing to some of its negligent acts, and that he left surviving him his widow Gertrude Wilcox, who at the time was insane and died in the insane asylum June 19th of that year. At the time of his death the two plaintiffs were his minor children by a former

*The question as to who may maintain action under the federal liability law is discussed in notes in 47 **L. R. A.** (N. S.) 67; **L. R. A.** 1915C, 75.                    REPORTER.

wife.   Afterward one of them having attained majority began this suit with her minor brother, who appeared by a guardian, to recover damages under the Oregon employers' liability law: Laws 1911, Chap. 3. The Circuit Court sustained a general demurrer to the complaint and as the plaintiffs refused to plead further, rendered judgment against them, and they have appealed.                                              AFFIRMED.

For appellants there was a brief submitted over the names of *Mr. Henry S. Westbrook, Mr. F. J. Casterline* and *Mr. L. E. Casterline.*

For respondent there was a brief prepared and submitted by *Mr. John F. Logan.*

BURNETT, J.—As it stood at the time of the commencement of this action, Section 4 of the enactment mentioned read thus:

"If there shall be any loss of life by reason of the neglects or failures or violations of the provisions of this act by any owner, contractor, or subcontractor, or any person liable under the provisions of this act, the widow of the person so killed, his lineal heirs or adopted children, or the husband, mother, or father, as the case may be, shall have a right of action without any limit as to the amount of damages which may be awarded."

1, 2. The theory of the plaintiffs as outlined in their brief is that although the widow had a cause of action, yet on her death it passed to the next on the list, namely, the plaintiffs, who are the decedent's lineal heirs.   The question of the distribution of the proceeds of a possible recovery is not here involved for it is not mentioned in the statute.   The amount recovered does not pass through the hands of the executor or admin-

istrator of the defendant's estate and forms no part of the assets of such an estate. The action under this section is to be maintained directly by whatever beneficiary is entitled to sue and not through any intermediary. There are many statutes which require the action to be brought by the personal representative of the decedent and which direct the distribution of the amount recovered. The federal employers' liability law is not a criterion by which to consider our own enactment, because the former requires the action to be brought by the personal representative in all cases:

"For the benefit of the surviving widow or husband and children of such employee; and if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee": Act April 22, 1908, Chap. 149, § 1; 35 Stat. 65 (U. S. Comp. Stats. § 8657) ; 1909 Supp. Fed. Stats. Ann. 584.

In any view of the case, the word "or" in the phrase "widow or husband" appearing in the federal statute cannot be construed conjunctively, because in this country it is impossible for a decedent to leave as his survivors both a widow and a husband. Such a situation might happen in countries where polygamy or polyandry is in vogue, but not in America. The phrase in the federal statute evidently designs to make the surviving spouse and children constituents of the first group of beneficiaries. The Oregon law does not group individuals of different degrees of kinship, but leaves them separate.

The crucial question in the instant case involves a construction of Section 4 so as to determine whether the widow had a right to institute the action in her own name to the exclusion of the children or whether she and they must necessarily join as plaintiffs if she were alive; in other words, whether both the widow and the

children of the survivors of the group are jointly interested in the recovery. *Henderson's Admr.* v. *Kentucky Cent. R. R. Co.,* 86 Ky. 389 (5 S. W. 875), is relied upon to sustain the doctrine that our statute must be construed so that the recovery in the first instance must be had at the suit of the widow and lineal heirs. The statute of Kentucky under which this decision was rendered declared that in case of loss of life by the neglect of another person, ''then the widow, heir or personal representative of the deceased shall have the right to sue such person, * * company, * * corporation, * * and recover punitive damages.'' The court there said:

''According to the plain language used, either the widow, heir or personal representative may sue; but it is equally clear that each of them cannot maintain a separate action for the same cause; for, as held in the case of *Louisville and Nashville R. R. Co.* v. *William Sanders,* 86 Ky. 259, but one recovery can be had.''

Further discussing the subject and referring to the law of that state giving to the widow preference in granting letters of administration, the court said:

''But notwithstanding such appointment, she may still sue under the section we are considering in her own right as widow, and not as the personal representative of her deceased husband. It being thus in her power in virtue of a statute already existing to take precedence of the personal representative, at least when the husband dies intestate, it is a reasonable inference, because necessary to make the statute consistent, that the legislature intended she should have it in every case arising under that section. And if that be so, it seems to follow that no part of what she may recover in such case is to become assets of the estate of the decedent.''

The reasoning which seems to control the Kentucky court is found in the fact that under another section of

the general statutes, "the widow and minor child or children or either * * of a person killed by the careless, wanton or malicious use of firearms," may recover damages. The court decided that as this was part of the harmonious system embodied in the general statutes it should govern in the particular statute involved in the case and give a joint action in favor of the widow and children. Finally, the action of the administrator was dismissed because after he had sued at the request of the widow she began an action in her own name to recover for the same injury. It is not apparent why the widow should have precedence so that her action commenced later would oust that of the administrator already instituted, unless the order in which the litigants were named in the statute controlled the right.

*Felton* v. *Spiro*, 78 Fed. 576 (24 C. C. A. 321), was an action brought in the Circuit Court of the United States of the Eastern District of Tennessee by a widow to recover from the receiver of the railroad company for the death of her husband, who was a passenger on one of its trains. The question under consideration was the right of the plaintiff to prove the number of children surviving the deceased. The case turned upon a construction of the amended form of the Tennessee Code of 1858 on this subject. Section 2291 of that Code provided that the right of action of the person who dies from injuries received from another is not extinguished by his death, "but shall pass to his personal representative, for the benefit of his widow and next of kin, free from the claims of his creditors." The next section allowed the widow and children of the deceased, on giving a proper bond, to sue in the name of the personal representative if he refused to proceed, and finally Section 2293 provides that if the

deceased had commenced an action before his death it should proceed without a revivor and that the damages recovered should go to the widow and next of kin free from creditors' claims, to be distributed as personal property. It will be noted that in each of the three sections the widow and children named in the statutes are united by the conjunction "and," which is not so in the Oregon statute. Later on, Section 2291 was amended so that a cause of action "shall pass to his widow, and in case there is no widow, to his children, or to his personal representative, for the benefit of his widow or next of kin"; and Section 2292 was so amended as to allow the "widow, or if there be no widow, the children, to prosecute suit." The court was influenced in its decision and based it upon the ground that inasmuch as Section 2293 had not been amended and under it the damages should go to "the widow and next of kin," and that the whole object of the amendment was merely to remove the necessity for bringing action in the name of the personal representative, the three sections of the statute should be construed together so as to make of the widow and children one group of beneficiaries. Reluctantly the court arrived at the conclusion that in Section 2291 the words "widow or next of kin" should be read as if the phrase were "widow and next of kin," and finally said:

"All the circumstances taken together lead to the conclusion that the change of 'and' to 'or' was not to effect a change in meaning as to the beneficiaries, but arose from a mere carelessness in the use of language."

The principal thought in that case was about the persons who were entitled to participate in the benefits of the litigation. Here, we are not concerned about the division of the possible recovery. The question here

is: Who is the necessary party plaintiff? On this point *Felton* v. *Spiro* is not a precedent favoring the plaintiffs. That case has never been cited since on the question of parties, so far as a careful research has revealed, but has been referred to many times in connection with granting new trials.

A very instructive precedent on the question of construing "or" to mean "and" is *Isaac* v. *Denver etc. R. Co.,* 12 Daly (N. Y.), 340. This was an action in the courts of New York to recover upon a liability defined by the statute of the then territory of New Mexico, which provided as a third classification that "if such deceased be a minor and unmarried," the father and mother might join in the suit. It happened that the decedent had reached the age of majority but was single. The plaintiffs contended that the intention of the legislature was to give a cause of action so that the phrase should read "if the deceased be a minor or unmarried." The court there said:

"It is a rule in the exposition of statutes, that they are to be construed with reference to the principles of the common law, and therefore the law infers that the act did not intend to make any alteration other than what is specified (Dwarris on Statutes, 695). The words 'or' and 'and' are not always, in deeds and wills, held to a strict grammatical sense; but 'or' may be taken for 'and' and 'and' for 'or' as may best comport with the intent and meaning of the grant or devise (*Jackson* v. *Blanshan,* 6 Johns. (N. Y.) 57 [5 Am. Dec. 188]); and this may be done in a statute, but there should be strong reasons, in conformity with a clear intention (Potter's Dwarris on Statutes, 199, note 16), because it is a much more serious matter to make such a change in a statute, as a statute is general in its operation; and it certainly should not be done unless it is very clear that such was the intent, taking the whole of the statute together, the general rule being, in re-

spect to statutes, that words are to be taken in their ordinary sense, and not to be extended or changed to comprehend cases within the supposed intention of the legislature, as courts cannot correct supposed errors, omissions or defects in legislation; the office of the courts being, as has been said by Dr. Leiber, to bring sense out of the words, and not bring a sense into them.''

Another case is *Webb, Admr.,* v. *Railway Co.,* 88 Tenn. 119 (12 S. W. 428), where it is decided that the widow has preference as plaintiff over the administrator, but may waive it in his favor, making him a proper plaintiff, because in any event the recovery must be for the widow and next of kin. Our statute is not complicated like the Tennessee enactment by the inclusion of the personal representative as a plaintiff or by direction as to the disposition of the fund recovered in the action. Both these elements are taken into consideration in the decision based on the Tennessee statute on the distribution of the money recovered but do not seem to have influenced the disposition of the contention about who has preference as plaintiff. Further, in *Spitzer* v. *Knoxville Iron Co.,* 133 Tenn. 217 (180 S. W. 163), the court says:

''The substance of these decisions is that the widow's right of action is prior and superior to that of the administrator; that the latter cannot sue until she waives her right, albeit in addition to an express waiver, she may effect a waiver by merely permitting his suit to stand without objection on her part; that she may compromise the demand at any time before the administrator, pursuant to her waiver, has brought a suit, but not afterwards; that likewise she may compromise the claim before suit brought, or after a suit brought by herself as widow at any time, regardless of the protest of her children; that after suit has been brought by the administrator the action can be compromised only by consent of the widow and children.''

Likewise in *Atlanta K. & N. Ry. Co.* v. *Hooper,* 92 Fed. 820 (35 C. C. A. 24), the court quotes the Tennessee Code and so construes it that a change of the beneficiary by an amendment of the complaint is a change of the cause of action and is not allowable in face of the statute of limitations. Again, in *Sanders' Admx.* v. *Louisville & N. R. Co.,* 111 Fed. 708 (49 C. C. A. 565), the circumstances were that Martin J. Sanders died without children or widow. His father, Martin Sanders, was next of kin and assigned his chose in action to Kate G. Sanders individually and in trust for her mother, brother and sisters. The father died *pendente lite* and the court held that it abated the action. The case of *Railroad* v. *Bean,* 94 Tenn. 388 (29 S. W. 370), is an instructive precedent, the court there using this language:

"The right of recovery having once vested in the widow, it did not pass, upon her death, to her personal representative; neither did it revest in the next of kin of deceased for the reason that no provision is made in the statute for such contingency. The cause of action, upon the death of the person to whom it survived, or for whose benefit it might be prosecuted, was thereby extinguished."

Other Tennessee cases are *Holder* v. *Railroad Co.,* 92 Tenn. 142 (20 S. W. 537, 36 Am. St. Rep. 77); *Stephens* v. *Railroad Co.,* 78 Tenn. (10 Lea) 448; *Loague* v. *Railroad Co.,* 91 Tenn. 458 (19 S. W. 430), all indicating that the widow is entitled to control the litigation. If she may compromise the claim to the exclusion of and even against the protest of her children, it is not apparent why she is not of paramount standing in the role of plaintiff. All these cases indicate recognition of the order in which the beneficiaries' names are placed as controlling the question of who shall be plaintiff.

As pointed out before, the statutes of Tennessee and Kentucky are materially different from ours concerning the proper parties plaintiff. More like the Oregon statute is that of the Missouri Code quoted in *Cole et al.* v. *Mayne* (C. C.), 122 Fed. 836, reading thus on the point involved:

"And in case of loss of life by reason of such violation or failure as aforesaid, a right of action shall accrue to the widow of the person so killed, his lineal heirs or adopted children, or to any person or persons who were, before such loss of life, dependent for support on the person or persons so killed."

Judge Phillips, construing this enactment, said:

"The plain grammatical construction of this statute, which names the beneficiaries disjunctively, gives the right of action, first, 'to the widow of the person so killed'; next, 'to his lineal heirs or adopted children'; and, third, if there be no widow, lineal heirs or adopted children, 'to any person or persons who were, before such loss of life, dependent for support on the person or persons so killed.' * * The necessary conclusion from which is that the statute does not give a joint cause of action to all the designated beneficiaries, but an exclusive cause of action to the parties designated, if living, in their order. The logical result therefrom is that no cause of action under this statute arises in favor of the children where the deceased left a widow."

To the same effect is the utterance of the Supreme Court of Missouri in *Hamman* v. *Central Coal & Coke Co.,* 156 Mo. 232 (56 S. W. 1091). Speaking of this same enactment, Mr. Justice BURGESS says:

"The statute is complete within itself and in no way depends for its enforcement upon any other statute, not a part or amendatory thereof. It gives to the widow a right of action, the only limitation upon which is, that she bring her suit within one year after the death of her husband. It says that in case of the death of the

husband, a right of action shall accrue to the widow of the person so killed, his lineal heirs or adopted children, etc., which clearly means first to his widow, next to his lineal heirs or adopted children, and not to them jointly. The petition shows that the action was brought within the prescribed time, and no allegations with respect to the children of the deceased were necessary. Her right of action was not affected by the fact that deceased left children surviving him, notwithstanding he did in fact do so.''

The Pennsylvania statute of 1855 involved in *March* v. *Railway Co.,* 204 Pa. 229 (53 Atl. 1001), was to this effect:

"The persons entitled to recover damages for an injury causing death, shall be the husband, widow, children or parents of the deceased and no other relative''

—and it was held that if the deceased left a widow and child, the right of action would clearly be in the widow and in her alone.

Another case based upon the Pennsylvania statute is *Di Palo* v. *Laquin Lumber Co.* (C. C.), 178 Fed. 877. The court there said:

"The right of action is statutory and peculiar, and the statutes by which it is given must be complied with. If death does not immediately ensue and action is brought by the injured party in his lifetime it must be continued after his death by his personal representatives; no new suit being admissible. * * If no such action, however, is brought, the right to sue for the death is vested solely in the widow, if any, or if not, in the others named in the order they are given. * * And, where the widow is disqualified, there is apparently no provision for suit being prosecuted by others. The right of action also is single and indivisible; a recovery being had, if at all, for the whole damages sustained, whoever may be ultimately entitled to them. * * And, where there is a husband or widow, children are not only not necessary, but not even proper parties; how-

ever, it may be necessary to name them in the declaration."

An analogous case is *Belding* v. *Black Hills & Ft. P. R. Co.*, 3 S. D. 369 (53 N. W. 750). The statute there says:

"If the life of any person * * is lost or destroyed * * then the widow, heir, or personal representatives of the deceased shall have the right to sue."

Mr. Justice CORSON, writing for the court, uses this language:

"The section seems to have been adopted with another object in view, and that was to give the widow, having in the death of her husband sustained the greater loss, the prior right to institute the action and recover the damages she has sustained by reason of the death of her husband; and in case there is no widow, then to give the heirs the right to sue and recover the damages resulting to them from the loss of the life of the deceased. To carry into effect the evident intention of the legislature, the widow should have the prior and exclusive right to institute the action and to the damages for the loss of the life of the husband. When there is no widow, then the heirs are given the same prior and exclusive right to sue and recover such damages as they have sustained by the death of the person. It cannot be presumed the legislature intended that the right to bring action should be determined by the vigilance or nonvigilance of the respective parties. * * The intention that the damages should go to the widow, and in case there was no widow then to the heirs, if any, is so manifest that to hold otherwise would be clearly in direct opposition to the intention of the law-making power. No apportionment of the damages recovered is provided for, and hence the conclusion is irresistible that the widow has prior and exclusive right to institute the action and to the damages."

In Pennsylvania the right to sue is vested in the "husband, widow, children or parents of the deceased."

It was held in *Lewis* v. *Hunlock's Creek etc. Co.*, 203 Pa. 511 (53 Atl. 349, 93 Am. St. Rep. 774), that "They cannot all claim jointly, but each class in its own right and own order." *Haughey* v. *Pittsburg Ry. Co.*, 210 Pa. 367 (59 Atl. 1112), declares that the widow must sue alone without joining the children. *Shambach* v. *Middlecreek Electric Co.*, 232 Pa. 641 (81 Atl. 802), holds that the widow is the party exclusively entitled to sue and may compromise the action even as against the children, if she acts in good faith and without being overreached.

*Hart* v. *Penwell Coal Min. Co.*, 146 Ill. App. 155, was a case arising under a statute saying, "A right of action shall accrue to the widow of the person so killed, his lineal heirs or adopted children" or to certain dependents named. The court said:

"The statute gives the right of action first to the widow if she survives; second to the lineal heirs or adopted children in case the widow does not survive," etc.

In *Beard* v. *Skeldon,* 113 Ill. 584, the court, under the statute noted above announced the doctrine that—

"The right of action is conferred in the alternative, and when one party entitled to sue, brings a suit, all damages which may be recovered on account of the death, must of necessity be obtained in the judgment rendered in the suit."

*Flash* v. *Louisiana etc. R. R. Co.*, 137 La. 352 (68 South. 636), is reported also in L. R. A. 1916E, where the subject under consideration is extensively treated in the note which may be read with profit in this connection.

In *Lawton* v. *Morgan, Fliedner & Boyce,* 66 Or. 292 (131 Pac. 314, 134 Pac. 1037), this court had under consideration the enumeration of persons liable under Sec-

tion 1 of the statute included in the language, "all owners, contractors, subcontractors or corporations, or persons whatsoever." Mr. Justice MOORE said:

"The use of the word 'or' as last quoted, would seem to indicate that for the recovery of damages sustained by a personal injury a several and not a joint liability was contemplated. * * In the latter part of the section adverted to it will be remembered that 'all owners, contractors, or subcontractors and other persons having charge of, or responsible for, any work involving a risk or danger to the employees, or the public, shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb.' It will be observed that, while the word 'or' is understood to be used and employed between the phrase and words 'all owners, contractors or subcontractors,' the word 'and' immediately follows the latter word preceding the phrase 'other persons.' The individuals thus referred to are the persons 'having charge of, or responsible for, any work involving a risk or danger to the employees or the public." From an examination of the entire act it is believed that the connective used between the word 'subcontractors' and the phrase 'other persons' should be 'or' thereby manifesting a legislative purpose to create a several and not a joint liability resulting from an injury to an employee, caused by the negligence of either of the persons designated, when engaged in the construction of any building."

This deliverance of Mr. Justice MOORE was supported by an opinion written by Chief JUSTICE McBRIDE, who dismissed the motion for rehearing with the comment that "we would be compelled to read something into the law that is not written there, to hold them liable." In *Tamm* v. *Sauset*, 67 Or. 292 (135 Pac. 868, L. R. A. 1917D, 988), Mr. Justice McNARY considered the enumeration of parties liable under Section 3 of the act in question which reads thus:

"It shall be the duty of owners, contractors, subcontractors, foremen, architects or other persons having charge of the particular work to see that the requirements of this act are complied with," etc.

He there treated the language as disjunctive, saying in this connection:

"The evident intent of the statute was to hold responsible, for personal injuries to an employee, only that member of the class enumerated who was engaged in the undertaking or enterprise embraced in the statute whereby the injury occurred. To conceive otherwise would be going wide of the rule established by this court in the case of *Lawton* v. *Morgan, Fliedner & Boyce.* * * The initiative act does fix a high standard of care, a violation of which is negligence *per se,* but lays that care to the door of the person having the work in charge, and in consequence thereof the application of the enactment must be circumscribed to that particular source from which or from whom authority and control of the instrumentalities and individuals emanate."

In *McDaniel* v. *Lebanon Lumber Co.,* 71 Or. 15 (140 Pac. 990), Mr. Justice MOORE said:

"The cause herein is prosecuted by the widow of the person killed, who alone is entitled to the recovery which is unlimited in amount, and not restricted by the damages which the decedent's estate may have sustained, but is to be measured by the pecuniary loss suffered by the person entitled thereto."

In *Hawkins* v. *Anderson & Crowe,* 84 Or. 94 (164 Pac. 556), Mr. Justice BEAN treating of this very Section 4 under consideration said:

"A judgment under the enactment of 1910 in favor of the widow of the person killed is a bar to another action in favor of the other relatives named, and a recovery by either of the beneficiaries named therein would preclude a recovery under Section 380, L. O. L."

If the lineal heirs are by the statute-made jointly interested with the widow in suing for damages, it is inconceivable how they would be barred by a judgment in favor of her alone to which they were not parties. The deduction is plain that no cause of action accrues to lineal heirs or to any other relatives mentioned subsequently in the list on the death of the ancestor if his widow survived him.

Evidently the author of this opinion had in mind the rule of construction which he declared in *McClaugherty* v. *Rogue River Electric Co.*, 73 Or. 135, 154 (140 Pac. 64, 71), in this language:

"Such statutes, while they are not to be strictly construed, are not to be extended by implication, as they are in derogation of the common law."

The principle that the order in which the prospective plaintiffs are named in the act controls the preference is established in *McFarland* v. *Oregon Elec. Ry. Co.*, 70 Or. 27, 40 (138 Pac. 458, 462, Ann. Cas. 1916B, 527), wherein speaking of Section 4 of the Employers' Liability Act under which this action was instituted, Mr. Justice Moore says:

"It is believed that, when these sections are construed together, the damages that are recovered in the action for the loss of life of a person killed by the act or omission of another is by Section 4 of the enactment given to the person or persons there specified in the order stated; that such beneficiaries 'as the case may be' are the only persons who can maintain an action for the injury sustained."

What may be termed a legislative construction of this statute is found in the amendment of Section 4 embodied in the act of March 3, 1919, Laws of 1919, Chap. 270, which adds to the original section a provision that:

"If none of the persons entitled to maintain such action reside within the State of Oregon then the executor or administrator of such deceased person shall have a right to maintain such action for their respective benefit in the order above named."

3. It is common learning as a matter of grammar that when in an enumeration of persons or things the conjunction is placed immediately before the last of the series the same connective is understood between the previous members. If the disjunctive conjunction "or" is used the various members of the sentence are taken separately while if "and" is used they are to be considered jointly. For instance, deeds are to be acknowledged "before any judge of the Supreme Court, county judge, justice of the peace or notary public": Section 7109, L. O. L. It is manifest that the officers named are to be taken separately and that the acknowledgment is not to be taken before all of them. The service of one is sufficient. Other illustrations will readily occur to the mind.

"Or" is defined as a "disjunctive often with either or whether as a correlative, used to introduce a word or phrase expressing an object or action, the acceptance of which excludes all the other objects or actions mentioned": Standard Dictionary, 1733.

If the enumeration of persons liable coupled with the disjunctive "or" defines a several and not a joint liability, equivalent language in enumerating persons entitled to recovery assuredly creates not a joint cause of action, but a several one. It will be noted that the word "and" does not occur at all in Section 4. It would be a strained construction bordering on opportunism to hold that the phrase "any owner, contractor or subcontractor, or any person liable under the provisions of this act," gives rise only to a several liability,

while the later clause in the same section "the widow of the person so killed, his lineal heirs or adopted children or the husband, mother or father as the case may be" shall be the foundation of a joint action in favor of the widow and lineal heirs, or any other combination of the relatives named. It is a construction inspired no doubt by the benevolent desire to make provisions for minor children but it is not thus written in the law.

In the language of the court in *Huberwald* v. *Railroad Co.*, 50 La. Ann. 477 (23 South. 474):

"We feel for those who are left without a supporter and advisor owing to accident, and are not inclined to a conclusion debarring them from the right of ascertaining whether there was actionable negligence. But we must interpret the law as it is written—*jus discere, et non jus dare* is the part of the court."

Wherever this court has spoken of the enumerations of parties in the employers' liability law, employing the disjunctive "or", it has treated the persons included in the category separately and not jointly and the great weight of authority is in favor of such construction. Since the rulings of this court on this subject, the legislative assembly has reiterated the doctrine that the recovery is to be had in the order named. If we are to construe "and" into the section of the statute to which it is a stranger, there would be no logical reason for not reading it in before each item in the list of relatives, with the result that we will be driven to the conclusion that in all cases the widow and lineal heirs and adopted children and the husband and the mother and the father or such of them as may survive the decedent, may join in an action to recover for the death. If "and" is to be inserted in one place or if it is to supplant "or" in any place, it must do likewise

in all.   The result would be absurd and contrary to the almost universal course of authority.

4. The statute is a drastic enactment substantially making the employer an insurer against all manner of casualty which may happen to an employee; for the persons named in the statute are required to use every practicable device, care and precaution for the safety of those employed without regard to expense and limited only by the efficiency of the plant.   Being in derogation of the common law, its terms are not to be expanded by implication as we held in the McClaugherty case; and the judiciary cannot go beyond its boundaries.   That is the prerogative of the legislative branch of the government which the courts cannot assume even to relieve a present hardship.   The widow, having been invested with a cause of action by the death of her husband, was at liberty to prosecute it or not.   If she did, she was under no obligation to divide the proceeds with any of the decedent's other relatives.   If she did not prosecute, either in her own proper person or by guardian, her cause of action died with her and did not pass to another, being personal to herself.   The demurrer was properly sustained as a matter of law and the judgment should be affirmed.

AFFIRMED.   REHEARING DENIED.

BENNETT, J., Dissenting.—Henry Wilcox, the father of the plaintiff, was killed in an accident while in the employ of the defendant company.   He left a widow by a second marriage, who was then insane and who died in the state hospital for the insane about three months after his death.   The deceased also left two orphan children by a previous marriage, who were minors at the time of his death, and who are the plaintiffs herein.   A demurrer to the complaint was sus-

tained in the court below, and the question here, is whether or not the plaintiffs—minor children of the deceased—have a right to recover for their father's death under the Employers' Liability Act of 1911; or whether the sole right to sue for his death was vested in the widow, and entirely extinguished by her death.

That part of the provision of the act of 1911, which is important here, is as follows:

"The widow of the person so killed, his lineal heirs, or adopted children, or the husband, mother or father, as the case may be, shall have a right of action, etc."

It is urged on behalf of respondent that under the provisions of this act the widow of Wilcox was, at the time of his death, the *sole* beneficiary, and that when she died the action was either extinguished, or the right passed to her legal heirs, in preference to the children of the deceased.

This act does not seem to have ever been construed by the courts of this state, as between the widow and the children of the deceased.

In *McFarland* v. *Oregon Elec. Ry. Co.,* 70 Or. 27 (138 Pac. 458, Ann. Cas. 1916B, 527), the court construed the latter clause of the act, as to who was the beneficiary between the mother and father, and it is claimed by the respondent that the general language of the opinion covered the case of a widow and child, as well as the question which was then before the court.

In that case the court held that the mother was the sole beneficiary to the exclusion of the father, saying:

"It is believed that when these sections are construed together the damages that are recovered in the action for the loss of life * * are * * given to the person or persons there specified in the order stated."

However, as the question of preference between the widow and the orphan children was not before the court

in that case and, as there is much ground for distinction between the priority of the mother and father on the one hand, and those of the widow and children upon the other, we must, according to recognized principles, assume that the court only intended to pass upon the question that was really presented in the case for decision, and that its language is limited to that question.

In Wells on Res Adjudicata and Stare Decisis, Section 583, it is said:

"The reasoning, illustrations and references contained in the opinion of a court, are not authority or precedent: but only the points arising in the particular case, and which are decided by the court."

And again in Section 584:

"Language used in an opinion, whether in the reasoning or the conclusion established thereby, is always to be explained and restricted by the case under consideration, and to that extent only is a decision fitted to serve as a precedent."

In Black's Law of Judicial Precedents, page 38, it is said:

"But the opinion may far outrun the decision, not only in the way of including inferences and illustrations, but also in the way of noticing points not essential to the final conclusion or laying down principles of law far broader than is necessary for the particular case in judgment.   In that case, it has no authority as a precedent beyond the point or points actually and necessarily decided."

There is so much difference, in the relation and dependency of the mother and father upon a son, on the one hand, and of a widow and children, with reference to the husband and father, upon the other, that the order of priority as between the mother and father, ought hardly to be conclusive as between the widow and

95 Or.—10

children. And this is especially true where the language defining their relative rights is different. Ordinarily the mother is less able to take care of herself—less independent—and more likely to be dependent upon her son for support than the father, and there might be some reason for giving her a preferred right. But this could hardly be said as to the widow and children, both of whom may be assumed to be wholly dependent upon the husband and father for their support. Again, the disjunctive "or" is used between "mother" and "father," which may have some significance as tending to show that it was intended that they should take alternatively, while the conjunction between "widow" and "lineal heirs" is entirely omitted and left to be supplied or inferred from the context and general nature of the law.

Where there is so much to distinguish, I assume that the court in the McFarland case only intended to pass upon the question which was before it, and leave the different question as between the widow and children, to be decided at such time as it might actually arise.

The construction of the section of the Laws of 1911, already quoted, seems to depend upon what conjunction is understood and interpolated after the word "killed" and before the word "his." If the word "and" is interpolated it would read thus:

"If there shall be any loss of life the widow of the person so killed (and) his lineal heirs or adopted children, etc."

Read thus it would clearly indicate that the widow and children were to take together and not by preference, and that each should recover for his own individual injury. On the other hand, if the word "or" is interpolated, it would read thus:

"If there shall be any loss of life the widow of the person so killed (or) his lineal heirs or adopted children, etc."

—and would have some tendency to indicate the intention to give a preference on behalf of the widow, although it would not be conclusive because the word "or" in such statutes is sometimes construed as "and" in spite of the direct use of the disjunctive: 2 Sutherland on Statutory Construction (2 ed.), § 397.

It seems to be well settled under the authorities that where the beneficiaries are grouped in different groups, and one group is given preference over another group, that the first group takes, to the exclusion of the latter one, and that upon the death of all of the former group the liability is extinguished: *Woodard* v. *Railway Co.*, 23 Wis. 400; *Frazier* v. *Railroad Co.*, 96 Ga. 785 (22 S. E. 936); *Railroad Co.* v. *Bean,* 94 Tenn. 388 (29 S. W. 370); *Webb, Admr.,* v. *Railroad Co.*, 88 Tenn. 119 (12 S. W. 428); *Duval* v. *Hunt et al.,* 34 Fla. 85 (15 South. 876).

The serious question in this case, however, is as to whether the law really intended to make a separate grouping, as between the widow and the children, or whether they were all intended to be included in one group. There seems to be only four states in which the question has been passed upon as between the widow and children, under statutes similar to our own. These states are Missouri, South Dakota, Kentucky and Tennessee. In Missouri the statute is almost exactly like our own, and it has been construed as giving the widow the preference right to the exclusion of the children: *Hamman* v. *Central Coal Co.*, 156 Mo. 232 (56 S. W. 1091).

The same construction was given by the Supreme Court of South Dakota to a statute in that state, which, while not by any means identical with our own, is very similar in its wording: *Belding* v. *Black Hills Co.,* 3 S. D. 369 (53 N. W. 750).

On the other hand, in Kentucky and Tennessee, under statutes worded almost exactly like our own as to the order of the beneficiaries, the courts have given them a construction giving the widow and children equal preference rights, and permitting each to recover compensation for his own injury, in one action to be brought by or for the benefit of all.

In Kentucky the provision is, that "the widow, heir, *or* personal representative of the deceased shall have the right to sue." Under this statute it was held that there was no preference as between the widow and children, but that both of them took in preference to the personal representative: *Henderson* v. *Railway Co.,* 86 Ky. 389 (5 S. W. 875).

In Tennessee an amendment to the Code of that state provided that, while the action could be brought only by the widow, it should be brought "for the benefit of his widow *or* next of kin."

It was held by the Circuit Court of Appeals for the Sixth District in an opinion rendered by Judge TAFT in *Fleton* v. *Spiro,* 78 Fed. 576, 578 (24 C. C. A. 321, 324), that the word "or" in this clause should be construed and read as "and," the court saying:

"It is not uncommon, in order to carry out the object intended by the legislature, for courts to construe 'or' as meaning 'and.'"

The same construction of the same statute was made by the Supreme Court of Tennessee in *Webb, Admr.,* v. *Railroad Co.,* 88 Tenn. 119 (12 S. W. 428).

The Federal Employers' Liability Act provided that the action shall be brought by the personal representative "for the benefit of the surviving widow *or* husband and children of such employee": U. S. Comp. Stats., § 8657; 8 Fed. Stats. Ann., p. 1208.

Under this act it has been held, that while the widow and children take by preference over remoter heirs, yet as between themselves, they take together and not by group, and that each could recover for his or her own respective injury—all to be included in one action to be brought for the benefit of all the beneficiaries.

It is urged on behalf of the respondent that the federal statute is conjunctive in its terms, while ours is disjunctive; but it will be noticed that there is just as much reason to construe that statute as disjunctive, as between the widow and children, as there is to give our statute such construction.

When we view this law as a matter of first impression, it seems difficult to resist the conclusion from the whole body of the act, that the legislative intent, was to give compensation both to the widow and children for the loss which they suffer by reason of the negligence or wrongful act of another, causing the death of the husband and father. That this law was intended to be compensatory in its character is now well settled: *McFarland* v. *Oregon Elec. Ry. Co.,* 70 Or. 27 (138 Pac. 458, Ann. Cas. 1916B, 527,; *Fisher* v. *Portland Ry., L. & P. Co.,* 74 Or. 229 (137 Pac. 763, 143 Pac. 992, 145 Pac. 277).

Under such a statute the widow cannot, of course, in any event, recover anything for the loss which the children may have suffered by reason of the death of the parent. She can only recover for her own loss. If the children are shut out by her, then they will receive no compensation whatever, nor will anyone receive any

compensation on their behalf.    They were just as dependent upon the deceased for their support—indeed, more dependent—than the widow.    In many cases the widow is only a stepmother to the children and under no obligation whatever for their support after the death of the father.    In many other cases, as in this case, she may die before a recovery.    It seems to me unquestionable, that one, and indeed the principal intent of the legislative mind in adopting this law, was to provide a means of support for the widow and children whose natural support is taken away.    To adopt the construction urged by respondent would deprive the children of any support whatever, and leave them in many cases to become a burden upon society, while the defendant, whose negligence caused the death of the father, would be relieved of all liability.

To suppose that the people, in enacting this law, intended to recompense the widow for her injury, but to leave the helpless children without any recompense or support whatever, is to suppose that they have made a distinction without any reason whatever, and that the law instead of being a consistent and co-ordinate thing, with a reasonable and harmonious purpose, was the mere expression of an inconsistent whim—giving to one and taking away from another, utterly without any reason or distinction.

In Sutherland on Stat. Const. (2 ed.), Volume 2, Section 490, it is said:

"Statutes will be construed in the most beneficial way which their language will permit to prevent absurdity, hardships or injustice; in construing an act of the general assembly, such a construction will be placed upon it as will tend to advance the beneficial purposes manifestly within the contemplation of the general assembly at the time of its passage; and courts

will hesitate to place such a construction upon its terms as will lead to manifestly absurd consequences.''

In *Quenn* v. *Clarence,* L. R. 22 Q. B. 23–65, it is said by Lord Chief Justice COLERIDGE:

''In such a matter as the construction of a statute, if the apparent logical construction of its language leads to results which it is impossible to believe that those who framed or those who passed the statute contemplated, and from which one's own judgment recoils, there is in my opinion, good reason for believing that the construction which leads to such results cannot be the true construction of the statute.''

The majority of this court are interpolating the word ''or'' between ''widow'' and ''lineal heirs,'' and then giving the clause an alternative construction which shuts the children out entirely, if there happens to be a widow at the time of the father's death.

The trouble with this construction of the law, as it seems to me, is that it entirely overlooks every cardinal principle of statutory construction, except the one uncertain, inconstant and obscure grammatical rule, that when the conjunction ''or'' is used between the two last of a series of terms, it shall be read in between each of the other terms, and as so interpolated shall have an invariable alternative construction. As we have already seen, this rule is almost as often broken as it is observed. It is a small nicety of the English language, which has never been closely followed, either by those who use the language or by those who construe it. It is of little more importance than the correct use of punctuation marks, which all courts disregard where they conflict with the general purpose of a law.

In 29 Cyc. 1505, it is said:

''The word 'or' is often used and has been often construed as if it were 'and' in statutes.''

And to support the text the work cites the decisions of the courts of California, Georgia, Illinois, Indiana, Iowa, Kansas, Louisiana, Minnesota, Missouri, New Jersey, New York, North Carolina, Pennsylvania, West Virginia and Wisconsin.

And yet we are asked to follow this small grammatical rule to the length of disregarding the evident intent of the law, the general purpose for which it was enacted—the "evil to be remedied" and to give it the unreasonable interpretation which would shut out an adopted child, because there happened to be a natural one—shut out a crippled and dependent husband, because there happened to be a grown son not at all dependent—and shut out even the natural children, however poor and dependent they may be, because, as in this case, they happen to have a stepmother who is alive at the time of the father's decease.

Under the law as it stood before the enactment of the liability law, the administrator could bring an action for the death of the husband and father and recover $7,500. Ordinarily where the estate is solvent, the children would receive one half of this recovery and the widow the other half. The employers' liability statute, as construed by this court, takes away this right of recovery, as long as there is any beneficiary under the latter act (*Niemi* v. *Stanley Smith Lbr. Co.,* 77 Or. 221, 227 (147 Pac. 532, 149 Pac. 1033), and therefore destroys any hope of relief and support or recompense for their loss which the children had under the old law.

If we construe this law as giving the children nothing where there is a widow, it ceases to have the benign and beneficial effect, enlarging the rights of those who are injured by the negligent killing of the father and husband, which was clearly intended by its makers;

and becomes instead, a monstrous thing which not only fails to provide them any further recompense for their loss, but actually takes away the small compensation, which they would ordinarily have enjoyed under the old law.

I do not think this law should be considered a drastic one in any harsh or unreasonable sense. On the contrary, I think its every principle is in accordance with justice and humanity.

At any rate, its provisions are no more drastic when applied in favor of the helpless children of the deceased, than when enforced for the benefit of a widow.

It seems now well settled that such acts are to be liberally construed in favor of the beneficiaries: *McFarland* v. *Oregon Elec. Ry. Co.*, 70 Or. 27 (138 Pac. 458, Ann. Cas. 1916B, 527); *McClaugherty* v. *Rogue River Electric Co.*, 73 Or. 135, 155 (140 Pac. 64, 144 Pac. 569).

It seems to me that when the provisions of the law are read altogether, its plain purpose is to provide a recompense for both widow and children, and that this plain purpose ought to prevail over any narrow grammatical construction as to the use of "or" and "and."

I think, in construing this clause of the law, the word "and" should be understood rather than the word "or," and that it should be construed as giving to the widow and children each a compensation for his or her individual injury, to be taken equally and not by preference, and all to be recovered in one action, in which it seems all of those who are living should join.

This construction also seems to me, (1) more in harmony with our general inheritance statutes, which provide that upon the death of the husband or father, the widow and children shall each inherit some portion of his estate; (2) that it is a more reasonable conclusion

as to the real intent of the legislative mind; and (3) that it is the more humane and just construction of a doubtful and ambiguous provision, since it provides just compensation for the helpless children as well as the widow.

I think the judgment of the court below should be reversed and the case remanded for trial.

BEAN, J., concurs.

---

Motion to dismiss appeal submitted September 3, overruled conditionally September 10, 1918. Argued on the merits October 8, reversed and decree rendered December 16, 1919. Motion to modify decree allowed January 6, rehearing denied February 10, 1920.